PER CURIAM.
Petitioner, James Leonard, in an original proceeding seeks a Writ of Prohibition against respondent, Honorable Russell H. McIntosh, as Judge of the Criminal 'Court of Record, Division A, Palm Beach County, permanently prohibiting and restraining respondent from proceeding further in the trial of a criminal charge against petitioner.
An information charging petitioner with conspiracy to commit a felony and robbery was filed in the Criminal Court of Record of Palm Beach County on June 18, 1969. Petitioner made timely demands for a speedy trial at three successive terms of court; the last demand was dated January 29, 1970. Following each demand, petitioner’s case was placed on the court docket, but on each trial date the congested state of the docket caused petitioner’s case to be reset. On April 29, 1970, petitioner’s case still had not been heard, so a petition for a writ of prohibition was filed with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit. That cause was dismissed for lack of jurisdiction, and a petition for a writ of prohibition was filed in this court. The petition made out a prima facie case, and we issued the Rule Nisi commanding the respondent to show cause why the petition should not be granted.
The question confronting this court is whether a crowded court docket is a “good and sufficient reason” to toll the discharge of a prisoner pursuant to the speedy trial statute, Chapter 915.01(1), F.S.A.
The fact that petitioner complied with the procedural requirements of the statute by filing timely demands for a speedy trial is not contested by respondent. Respondent asserts only that petitioner’s case could not be tried on the dates set because of a crowded docket. Respondent argues that since the delays were inevitable in view of the crowded condition of the court docket, the statute should be tolled and petitioner should not be released from custody.
In respondent’s construction of Section 915.01, he relies heavily on a statement made by our supreme court in Dickey v. Circuit Court, Gadsden County, Quincy, Florida, Fla.1967, 200 So.2d 521, that since the United States Supreme Court has ruled that the sixth amendment guaranty of a right to a speedy trial was applied to the states, subsequent speedy trial issues will be measured by federal standards. Respondent then proceeds to delineate the factors considered by the federal courts in examining sixth amendment questions.
We are not disposed to consider those factors as relevant in examining F.S. Section 915.01(1), F.S.A., since we are not concerned here just with the sixth amendment of the Federal Constitution, but with a provision of our own state constitution which has been implemented and defined by the legislature. The factors used to define the broader and less definite sixth amendment right by federal courts have little relevance to our Florida statute.
We are faced here with determining under what circumstances Florida’s speedy trial statute may be tolled. We recognize at least three instances. The supreme court has stated in Kelly v. State ex rel. Morgan, Fla.1951, 54 So.2d 431, that
*811 “If there has been a mistrial or a continuance for good cause, or if for other good and sufficient reasons a trial cannot be provided, the statute may be tolled. The real purpose of the statute is to cut off procrastination and dillydallying.”
Clearly a mistrial and a continuance for good cause will toll the statute, and the statute itself provides that it will not operate where the attendance of witnesses is prevented by the defendant.
The difficulty arises from determining what other “good and sufficient reasons” might be contemplated and, specifically, whether they include a crowded docket.
We are convinced that the determination of this issue requires a consideration of the intent of the legislature in enacting F.S. Section 915.01(1), F.S.A. Chapter 915 was designed to implement the right of speedy trial guaranteed by § 11 of the Declaration of Rights as contained in the Constitution of 1885. Dickey v. Circuit Court, Gadsden County, Quincy, Florida, supra, 200 So.2d at 525. This right was preserved in art. I, § 16, of the new Constitution and in § 21 of the Declaration of Rights, F.S.A. That constitutional provision protects the right to freedom of those accused of crimes. The alleged defendants are not yet proven guilty and their freedom cannot be indefinitely curtailed through no fault of their own. They cannot be incarcerated for extended periods of time awaiting their right to confrontation. The precious right to freedom that pervades our democratic way of life must be afforded to those charged with crime just as it is to those who are not so unfortunate.
The speedy trial statute protects this right by setting the maximum delay in the trial which may be imposed upon the accused. Certainly this basic right to freedom should not be abridged without substantial reasons that weigh heavily in the balance. The legislature saw no reason to include a multitude of exceptions that would toll the statute, and we see no reason to add exceptions through judicial legislation. The right to a speedy trial should remain inviolate.
The County Solicitor for Palm Beach County has very effectively presented the plight of the courts in that county in processing a backlog of a thousand cases per month, but we feel that this appeal should be made to the legislature and not to this court. It may be imminent that many cases may not come to trial within three terms of court, but the legislature has declared this to be the maximum period that an accused may be held. If that period is unworkable in practice, it is for the legislature to alter.
For the reasons stated, the Writ of Prohibition is granted, and the Rule is made absolute, with directions that the accused be discharged from the prosecution.
It is so ordered.
CROSS, C. J., and WALDEN and Mc-CAIN, JJ., concur.