**UNITED STATES of America,
Appellee,**

v.

**Ronny ATKINS, Appellant.**

**No. 941, Docket 73–2802.**

United States Court of Appeals,
Second Circuit.

Argued April 8, 1974.

Decided June 6, 1974.

William Epstein, New York City (William J. Gallagher, The Legal Aid Society, New York City, on the brief), for appellant.

Jeffrey Glekel, Asst. U. S. Atty., New York City (Paul J. Curran, U. S. Atty., and S. Andrew Schaffer, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FRIENDLY and TIMBERS, Circuit Judges, and THOMSEN,* District Judge.

PER CURIAM:

On this appeal from a judgment of conviction entered December 10, 1973 in the Southern District of New York after a five day jury trial before Edmund L. Palmieri, District Judge, finding Atkins guilty of receiving, concealing and storing a stolen automobile and of conspiring to commit such offenses, in violation of 18 U.S.C. §§ 2313 and 371 (1970), the sole issue is whether the district court erred in denying Atkins' motion to dismiss the indictment on the ground that the government, by not transferring him from Minnesota where he was in custody to the Southern District until a month before trial, violated Paragraph 9(b)(i) of the Southern District Plan For Achieving Prompt Disposition Of Criminal Cases.[1] We affirm.

---

* Senior United States District Judge of the District of Maryland, sitting by designation.

1. Paragraph 9 of the Southern District "Plan For Achieving Prompt Disposition Of Criminal Cases" provides as follows:

"9. *Responsibility of United States Attorney and Defense Counsel.*
(a) The court has sole responsibility for setting and calling cases for trial. Neither a conflict in schedule of Assistant

United States Attorneys nor a conflict in schedules of defense counsel will be ground for a continuance or delayed setting except under unusual circumstances approved by the court and called to the court's attention at the earliest practicable time. Each judge will schedule criminal trials at such times as may be necessary to assure prompt disposition of criminal cases. The United States Attorney will familiarize himself with

Atkins was indicted on February 2, 1973. A plea of not guilty was entered on his behalf and the case was assigned to Judge Palmieri on February 20. The government filed its Notice of Readiness on March 12 stating that it would be ready for trial on or after April 2 subject to five days notice.

Sometime in March or early April, the Assistant United States Attorney learned for the first time that Atkins had been incarcerated since late February at the FCI in Sandstone, Minnesota, where he was serving a sentence for an unrelated federal offense.

Judge Palmieri held a pretrial conference on September 19 at which Atkins was represented by Legal Aid Society counsel. The judge at the time of this pretrial conference set November 26 as the date for trial. The government thereupon arranged for the transfer of Atkins from Minnesota to the Southern District so that he could prepare for trial. He arrived in New York on October 30. He appeared at pretrial proceedings before Judge Palmieri on November 15 and 16. The trial began on November 26 and was concluded on November 30 with the return of the jury's guilty verdict.

First in a pretrial motion on November 26 and later in a renewed motion prior to sentencing, counsel for Atkins moved to dismiss the indictment on the ground that the government had failed to comply with the provision of Paragraph 9(b)(i)[2] requiring it promptly to undertake to obtain the presence of a prisoner for plea or trial when it knows that the prisoner is serving a term of imprisonment in a federal or state institution.

After hearing argument and after considering the affidavits submitted, Judge Palmieri on December 10 denied the motion on the ground that it was his congested calendar, not Atkins' absence from the district, that necessitated the November trial date. And it must be remembered that Paragraph 9(a)[3] includes the provision that "[e]ach judge

scheduling procedures of each judge and will assign or reassign cases in such manner that the government will be able to announce ready for trial.

(b) If the United States Attorney knows that a person charged with a criminal offense is serving a term of imprisonment in a federal, state, or other institution or that of another jurisdiction, it is his duty promptly:

(i) to undertake to obtain the presence of the prisoner for plea and trial; or

(ii) when the government is unable to obtain the presence of the defendant, to cause a detainer to be filed with the official having custody of the prisoner and request him to advise the prisoner of the detainer and to inform the prisoner of his rights under the Federal Rules of Criminal Procedure and this Plan."

Paragraph 9 of the Southern District Plan, which became effective April 1, 1973, had no counterpart in the Second Circuit Rules Regarding Prompt Disposition of Criminal Cases, 28 U.S.C.A. App. (Supp. 1973). See United States v. Cacciatore, 487 F.2d 240, 243 n. 1 & 3 (2 Cir. 1973).

2. Note 1, *supra.*
   Atkins' claim based on Paragraph 9(b)(i) was made at the end of a suppression hearing on November 26, prior to the commencement of the trial. Judge Palmieri denied the 9(b)(i) motion at that time "without prejudice to its renewal at the conclusion of the case."

Prior to November 26, Atkins had filed on May 25 and August 27 two pro se motions urging that the indictment be dismissed. Judge Palmieri denied these motions on June 28 and September 19, respectively. The August 27 motion claimed that the government had violated the Second Circuit Rules Regarding Prompt Disposition Of Criminal Cases by failing to bring Atkins to trial within six months of the filing of the indictment. As we hold below, this claim was without merit because the government was ready at all times after its Notice of Readiness was filed on March 12.

On November 15, Atkins had advised the court that he thought he had been prejudiced by not having been brought to the Southern District until October 30. Judge Palmieri considered and rejected this aspect of his claim in denying Atkins' motion based on Paragraph 9(b)(i) on November 26 and again on December 10.

3. Note 1, *supra.*

will schedule criminal trials at such times as may be necessary to assure prompt disposition of criminal cases." The government was ready at all times after its March 12 Notice of Readiness which fully complied with the six months provision of the Plan. United States v. Cacciatore, *supra*, 487 F.2d at 243.

The purpose of Paragraph 9(b) of the Southern District Plan is to prevent *unnecessary* delay.[4] Here there was none.

Affirmed.

---

4. We have considered Atkins' claim, advanced for the first time in a reply brief handed up at the argument before us, that an earlier trial might have resulted in an earlier release. Cf. Smith v. Hooey, 393 U.S. 374, 377–79 (1969) (Sixth Amendment case involving a seven year delay). The short answer to such claim is that, for aught that appears in the record before us, neither Judge Palmieri nor any other judge could have heard the case any sooner even if Atkins had been transferred from Minnesota to New York prior to October 30.