VILLAGE OF OAKWOOD, APPELLEE, *v.* FERRANTE, APPELLANT.

[Cite as Oakwood v. Ferrante
(1975), 44 Ohio App. 2d 318.]

(No. 34231—Decided June 19, 1975.)

*Mr. Joseph W. Diemert, Jr.,* for appellee.
*Mr. David R. Barnhizer,* for appellant.

JACKSON, J.  Defendant, Steven Ferrante, was arrested on June 21, 1974, and cited for operating a motor vehicle while under the influence of alcohol, in violation of Section 333.01(a) of the Codified Ordinances of the Village of Oakwood. On June 25, 1974, defendant appeared in Oakwood Mayor's Court and entered a plea of not guilty. The case was then bound over to Bedford Municipal Court where it was set for trial on October 8, 1974, 109 days after the date of his arrest. On October 8, 1974, the case was continued to permit defendant Ferrante to secure defense counsel. He did not request a continuance or otherwise delay his trial prior to October 8, 1974.

On October 22, 1974, defendant filed a motion to dismiss based upon the state's failure to bring him to trial within the time limits specified in R. C. 2945.71. This mo-

tion was heard on October 29, 1974, in Bedford Municipal Court. The trial court denied the motion to dismiss, whereupon, defendant entered a plea of no contest and was fined $350 and costs.

Defendant now appeals his conviction, assigning as error the failure of the trial court to grant his motion to dismiss. We find merit in this assignment of error for the reasons outlined in the following discourse. The offense charged against the defendant, driving while under the influence, carries a possible jail sentence of up to six months. Oakwood Codified Ordinance 333.99 [R. C. 4511.99(C)]. R. C. 2945.71(B)(2) provides that:

"(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: * * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days."

Therefore, the defendant should have been brought to trial within ninety days of June 21, 1974, the day of his arrest, unless one of the extensions permitted under R. C. 2945.72 is applicable. Appellee admits that the defendant was not brought to trial within ninety days of his arrest, but argues that the ninety-day period was properly extended because of a change in venue and because the court granted a reasonable continuance.

R. C. 2945.72 provides, so far as is pertinent:

"§2945.72 *Extension of time for hearing or trial.*

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * *

"(F) Any period of delay necessitated by a removal or change of venue pursuant to law * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

A careful review of the record fails to disclose either a change of venue or a continuance that would justify the extension of defendant's time for trial. Defendant first appeared in the Mayor's Court in the Village of Oakwood and entered a plea of not guilty on June 25, 1974. Because defendant did not waive his right to trial by jury, the Oakwood Mayor's Court was without jusisdiction to proceed and, as required by R. C. 2937.08, certified the case to Bedford Municipal Court. Appellee argues that this transfer of the case from Oakwood Mayor's Court to Bedford Municipal Court constituted a change of venue so as to permit a postponement of defendant's trial pursuant to R. C. 2945.72(F). This argument apparently stems from a confusion of the concepts of "jurisdiction" and "venue."

"Jurisdiction" is the power of a court to hear and determine a case on its merits, whereas "venue" denotes the place where the cause should be heard. *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86. The certification of the record from Oakwood Mayor's Court to Bedford Municipal Court was not a change of venue, but a transfer required by statute because the Mayor's Court lost jurisdiction over the matter when defendant entered his plea of not guilty.

Also, the transfer of the case from Oakwood Mayor's Court to Bedford Municipal Court occurred just four days after defendant was arrested. This transfer, therefore, cannot justify the fact that defendant's trial was originally scheduled for a date nineteen days beyond the ninety-day limit.

We similarly reject appellee's contention that the date for defendant's trial was permissibly extended pursuant to R. C. 2945.72(H) for the period of a "reasonable continuance granted other than upon the accused's own motion." As noted above, defendant was arrested on June 21, 1974, so that he should have been brought to trial on or before September 19, 1974, the ninetieth day after his arrest. Unless the record shows that a reasonable continuance was granted on or before September 19, 1974, the trial court was obligated to grant a motion to dismiss made by the defendant after September 19, 1974, and prior to trial. R. C. 2945.73.

The record contains no indication that a continuance was granted prior to October 8, 1974. However, appellee argues that, by originally setting defendant's case for trial on a date beyond the ninety-day limit, the Bedford Municipal Court impliedly granted a sua sponte continuance. In support of this argument, the appellee cites the record of the October 29, 1974 hearing on defendant's motion to dismiss. At this hearing the trial court stated that a continuance to October 8, 1974, was reasonable in light of the court's over-crowded docket.

Defendant argues that the trial court has no authority to grant a sua sponte continuance because of crowded docket conditions. In support of this argument, defendant cites *Leonard* v. *McIntosh* (Fla. 1970), 237 So. 2d 809. The speedy trial statute of the State of Florida may be tolled if, for "good and sufficient reasons" a trial cannot be provided. The court, in *Leonard* v. *McIntosh*, held that a crowded docket was not a good and sufficient reason to toll the statute. A California appellate level court has held that the congested condition of the court's docket does constitute "good cause" within the meaning of a statute providing for the dismissal of a misdemeanor for failure to bring a defendant to trial within the specified time unless good cause to the contrary is shown. *People* v. *Yniquez* (1974), 41 Cal. App. 3rd 1049, 116 Cal. Rptr. 626. Courts within the federal system have also held that a defendant is not entitled to a dismissal for a delay in trial caused by the court's congested calendar. *United States* v. *Rodriguez*, (5th Cir. 1974), 497 F. 2d 172; *United States* v. *Atkins* (2d Cir. 1974), 503 F. 2d 500; *United States* v. *LaBorde* (6th Cir. 1974), 496 F. 2d 965.

R. C. 2945.72(H) is extremely broad in scope, permitting an extension of the time within which an accused must be brought to trial for: "The period of any continuance granted on the accused's own motion, *and the period of any reasonable continuance* granted other than upon the accused's own motion." (Emphasis supplied.) A short, sua sponte continuance granted because of the court's crowded docket would appear to be a reasonable continuance permitted under the broad scope of R. C. 2945.72(H).

We have no doubt that the Bedford Municipal Court, like many other courts in this state, has serious docket problems created by a heavy case load. However, to find that the trial court impliedly granted a continuance whenever the record shows that the trial court originally set defendant's trial for a date beyond that permitted by R. C. 2945.71 would violate both the letter and the spirit of the speedy trial statutes.

R. C. 2945.73 requires that a person charged with an offense *shall* be discharged, if he is not brought to trial within the time required by R. C. 2945.71 and 2945.72. R. C. 2945.72 permits the extension of the time within which an accused *must* be brought to trial, *only* for the reasons specified in subsections A through H. R. C. 2945.71 to 2945.73, inclusive, which guarantee to an accused the right to a speedy trial, are mandatory and must be strictly complied with by the State. *State* v. *Gray* (1964), 1 Ohio St. 2d 21.

To permit a trial court to originally schedule criminal cases beyond the date for trial required by R. C. 2945.71 without indicating that a continuance had been granted would render the mandatory provisions of R. C. 2945.71 to 2945.73 a nullity. The statutory scheme carefully set out in these statutes would be replaced by the rule that "an accused shall be brought to trial as soon as the court's docket permits."

Further, R. C. 2945.02[1] states, in regard to the granting of continuances: * * *

"No continuance shall be granted for any other time than it is affirmatively proved the ends of justice require.

"Whenever any continuance is granted, the court shall enter on the journal the reason for the same."

A requirement that the granting of all continuances be journalized would also be in keeping with the general

---

[1]R. C. 2945.02 has not been expressly repealed. While procedural statutes in conflict with the Rules of Criminal Procedure are presumptively repealed, this portion of R. C. 2945.02 is not in conflict with either the new criminal rules or with R. C. sections 2945.71 through 2945.73.

tenor of Rule 14 of the Rules of Superintendence of the Supreme Court of Ohio.[2]

We therefore hold that the granting of a sua sponte continuance may not be implied from the fact that the trial court originally set an accused's trial for a date beyond that permitted by R. C. 2945.71.[3] Where the court's journal does not reflect that a continuance has been granted on or before the last day for trial permitted by R. C. 2945.71,

---

[2]Sup. R. 14 provides:

"*Continuances and Engaged Counsel in Civil and Criminal Cases.* The continuance of a scheduled trial or hearing is a matter within the sound discretion of the trial court.

"When a continuance is requested by reason of the unavailability of a physician, or any other witness, at the time scheduled for trial or hearing, the trial court in exercising its discretion shall consider the feasibility of resorting to the several methods of recording testimony permitted by Civ. R. 32(A)(3)(e) and the use of such recorded testimony in the scheduled trial.

"No party shall be granted a continuance of a trial or hearing without a written statement from movant's counsel, stating the reason for the continuance, and such statement shall be made part of the record.

"No court shall grant a continuance to any party at any time without first setting a new and definite date for the trial or hearing.

"The number of trial continuances requested, the name of the attorney making each request, the reasons advanced for each continuance (such as engaged counsel, sickness, vacation, etc.) and the continuances granted shall be reported by each trial judge in his next report to the Supreme Court. Engaged counsel shall mean counsel engaged in or subject to appearances for trial of or a hearing on a case in any court or state or federal administrative agency, at the time the case is called for trial.

"If any attorney designated as trial counsel has such a number of cases assigned for trial in courts of record so as to bring about undue delay in the disposition of said cases, then said attorney may be required by the administrative judge to provide substitute trial counsel for those cases which cannot be tried by him. If upon request the attorney fails to provide substitute trial counsel, the administrative judge shall remove him as counsel in the case. When the attorney has been appointed by the court, the court shall appoint other trial counsel. (Effective September 1, 1972)"

[3]In so holding, we note the apparent conflict with *City of Kettering* v. *Lloyd Stollings*, Case No. 4516 (Montgomery Cty. C. A., March 27, 1975); and *City of Warrensville Heights* v. *Eilene Feinberg*, Case No. 33656 (Cuyahoga Cty. C. A., January 23, 1975).

the state may not rely upon R. C. 2945.72(H) to justify a delay in bringing the accused to trial.

If, at the time the trial court sets a criminal case for trial, the court's docket makes it impossible to set the trial within the time limits imposed by R. C. 2945.71, the trial court may grant a reasonable continuance to an open date on the docket. In so setting the accused's trial date, the court must indicate on its journal that it has granted a sua sponte continuance and that defendant's time for trial has been extended pursuant to R. C. 2945.72(H).

The journal of the trial court in the case at bar is silent as to the granting of a continuance prior to the date when R. C. 2945.71 mandated that the defendant be brought to trial. The state may not, therefore, rely upon R. C. 2945.-72(H) to justify the delay in bringing defendant to trial.

Defendant's conviction for driving while intoxicated, entered upon his plea of no contest, is accordingly reversed. Defendant's motion to dismiss is granted and the defendant is hereby discharged pursuant to R. C. 2945.73.

*Judgment reversed.*

DAY and PARRINO, JJ., concur.