THE STATE OF OHIO, APPELLEE, *v.* McRAE, APPELLANT.

(No. C-76469—Decided August 17, 1977.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Peter Wettstein* and *Mr. Robert R. Hastings, Jr.,* for appellee. *Messrs. Gould, Reichert & Strauss,* for appellant.

BLACK, J. Defendant-appellant pled no contest to a charge of illegal possession of heroin after two pre-trial

motions were overruled. Separate hearings had been held on his motion for dismissal for failure to comply with the speedy trial requirements of R. C. 2945.71 through 2945.73, and on his motion to suppress the heroin. He assigns three errors, the first two of which relate to the speedy trial rights, and the third of which relates to the motion to suppress. We find all three assignments to be without merit. We affirm.

As to the first and second assignments, defendant was arrested on February 6, 1976, and thereafter continuously held in jail. The trial date was set for June 7, 1976 (the 121st day after arrest) by the court and agreed to by defense counsel at a pre-trial conference held on April 21, 1976 (the 75th day after arrest). While the defendant was not present at the pre-trial conference, he was present at a hearing on reduction of his bond on April 29, 1976 (the 83rd day after arrest); at the conclusion of that hearing, the judge restated that the trial date had been set for June 7, 1976. While the defendant was present, his counsel responded: "Yes, your honor, June 7th. Thank you."

We base our conclusion about the first two claimed errors on our decision in *State* v. *Davis* (1975), 44 Ohio App. 2d 95, affirmed in 46 Ohio St. 2d 444. In that case, the trial court had concluded that it had no discretion under the statutes and was required to dismiss the charges when defendant called attention to the fact that the trial date was beyond the 90 day period, even though defense counsel had agreed to the trial date. We reversed that judgement, and the matter was remanded to the trial court for further proceedings "according to this decision and law." The decision of two judges was that counsel's agreement during the 90 day period to a trial date subsequent to that deadline complies with the requirements of R. C. 2945.71 through 2945.73, even though the defendant was not present at the trial setting and the record fails to disclose whether he did or did not personally consent. Judge Keefe concurred in the order to remand for further proceedings because he agreed that the trial court had discretion to grant a reasonable continuance other than upon the accused's own motion under

R. C. 2945.72(H). However, in his judgment, the statutes require that the defendant be present at the trial setting, do not allow a waiver by defense counsel only, and require that the record affirmatively show why the continuance was reasonable. He would remand for "a hearing incident to a discretionary determination whether or not the complete factual situation confronting it in this case justifies a reasonable extension of the trial date beyond 90 days."

In affirming, the Supreme Court stated that they were "inclined to agree with Judge Keefe's concurring opinion," but they did not state that the defendant must be present at the trial setting or otherwise consent to the date selected, or that the record must affirmatively show the reasonableness of the "continuance." The court stated, at page 449:

"Clearly, under R. C. 2945.71, 2945.72 and 2945.73, the trial court did have discretion to continue the period for trial beyond the statutory limit, and insofar as the court of appeals reversed the judgment of the trial court and remanded the cause to the trial court for further proceedings, we affirm."

Since the Supreme Court affirmed the reversal and remand without stating the basis on which the trial court was to go forward, we are constrained to assume that the further proceedings were to be conducted in accordance with our majority opinion.[1]

Our conclusion is not weakened by the two later cases. *State* v. *Lee* (1976), 48 Ohio St. 2d 208, held that the court's *sua sponte* continuance of the trial date to the 92nd day after arrest by reason of "crowded docket and the

---

[1]We are not prepared at this time to add by interpretation mandatory requirements which are not expressly set forth in the statutes or the Criminal Rules; such as, that speedy trial rights can be waived only by the defendant in person or in writing or that the defendant must be present at the trial setting. As stated by the Supreme Court in *Singer, infra,* these statutes implement the constitutional rights to a speedy trial; they do not embody them. Further, if the trial courts are to follow more careful procedures in this respect, we believe that the additional requirements should be promulgated or announced with an effective date sufficiently far in advance to give fair warning to all persons concerned.

judge's conference" was a reasonable extension of time under R. C. 2945.72(H). The report of that case does not indicate that the defendant or his counsel agreed to the continued date. *State* v. *Singer* (1977), 50 Ohio St. 2d 103, holds that the defendant's failure to object to a trial date scheduled beyond the 90 day limit does not amount to acquiescence in that setting. The opinion indicates that both defendant and his counsel were silent.

In the instant case, the attorney agreed to the trial setting, and the defendant was present but silent when the trial setting was confirmed. The first and second assignments of error are overruled.

The third assignment of error claims that the glassine bag of heroin should have been suppressed. The officer who retrieved that item from a crack between the seat cushion and the arm of a chair in the apartment where McRae was arrested arrived in that room with other officers in response to a radio run concerning shots fired and a man with a gun. The officers had found evidence of the discharge of a weapon in the hallway outside the apartment at the invitation of the person who made the initial call to the police and who apparently had the lease on the apartment. Upon entering, the arresting officer saw the defendant placing the glassine bag down the crack between the seat cushion and the arm of the chair in which he was sitting and then move away from the piece of furniture to a couch where he sat down. The officer had the right, and indeed the duty, to be where he was at the time the glassine bag of heroin came into plain view by action of the defendant. The seizure was reasonable under the Fourth Amendment. *Coolidge* v. *New Hampshire* (1971), 403 U. S. 443; *Ker* v. *California* (1963), 374 U. S. 23. The third assignment of error is overruled.

*Judgment affirmed.*

SHANNON, P. J., concurs.
BETTMAN, J., dissents in part.

BETTMAN, J., dissenting in part. We concur in the court's decision sustaining the trial court's ruling on the

motion to suppress. We must respectfully dissent, however, from the majority decision on the speedy trial issue.

Our analysis of the issue presented leads us to the conclusion that the law, which the Supreme Court has repeatedly held must be carefully complied with (*State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Lee, supra;* and *State* v. *Singer, supra*) requires that any trial setting or continuance beyond the statutory limits, not clearly within the permissible extensions set out in R. C. 2945.-72, must be with the defendant's *personal* agreement on the record. This can be accomplished only by defendant's signature on an entry specifically agreeing to a setting beyond time or by his verbal agreement in open court.

In analyzing this problem, it is important to differentiate three distinct situations: (1) an extension under R. C. 2945.72(H) "on the accused's own motion," (2) an extension under (H) for "the period of any reasonable continuance granted other than upon the accused's own motion," and (3) an extension based on a waiver by the accused of his right to trial within the applicable time limits. Unfortunately, the majority opinion does not make these distinctions completely clear.

On the facts before us, the legality of the delayed setting in this case can only be based on the third proposition that the defendant waived his statutory right to a speedy trial by the agreement of his attorney to the setting and by his silence in court when, after a hearing on bond setting, the date was announced.

Is it possible to say that counsel's agreement and the defendant's silence rendered the trial setting a continuance[2] granted "on the accused's own motion"? We think not. The words are perfectly clear. To conclude that an acquiescence in or agreement to an extended trial date is a

---

[2] We read the Supreme Court's decision in *Singer* to say that the initial setting of a case for trial is not the granting of a "continuance" under R. C. 2945.72(H). However, it would appear that a setting beyond time, reasonable in length, with a legitimate explanation of the reason for delay and journalized within time, would fall within the intent of R. C. 2945.72(H).

continuance "on the accused's own motion" is to twist the clear language of the statute. As judge Keefe put it in *Davis,* "whether mere acquiescence in a trial setting can fairly be equated with a motion * * * seems highly questionable." (Page 105.)

Was the trial setting a "reasonable continuance granted other than upon the accused's own motion"? The courts have consistently held that the reason and necessity for a continuance beyond time must be affirmatively set out on the record. *State* v. *Lee, supra; Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318; *State* v. *Williams,* unreported, First Appellate District, No. 95, May 17, 1976. In this case the record shows no reason why the trial was set beyond the statutory ninety days.

It follows, then, that the legal justification for the delayed trial date can only be based on the hypothesis that *the defendant* waived his right to a statutory speedy trial. For that reason we are of the opinion that such waiver must be completely clear from the record. Our conclusion is grounded on Judge Keefe's lucid concurrence in *Davis* and on the following reasoning.

The Supreme Court has clearly held that the *prosecution and the trial courts* have the mandatory duty of complying with R. C. 2945.71 through 2945.73. *State* v. *Singer, supra.* These statutes, then, vest in the defendant a valuable right, namely, the right to be tried within specific time periods or be discharged. If this right is to be waived, the defendant must do so knowingly. Only by having the defendant waive in open court or execute a written waiver can the record be clear that there was a knowing waiver.

There can be no question that a defendant has a right to be present at every critical stage of a trial. Certainly, the waiver of a right to be tried within a certain period or be dismissed is of critical importance to him. Granted that we are not here involved with the constitutional right to a speedy trial, the fact is that these statutes were enacted by the legislature to implement that constitutional guarantee. Accordingly, they must be deemed to have a high degree of consequence and courts should not countenance

their waiver casually or by accident. Since mere acquiescence is not enough, *State* v. *Singer, supra*, then knowing agreement is required.

It has been argued that the agreement of defendant's counsel should be sufficient. We cannot concur. If the defendant's personal agreement is necessary to waive his right to be present at a deposition or his right to accompany the jury on a view of the premises, why should his personal agreement not be required in giving up the much more important right to either be tried or dismissed? Furthermore, it appears obvious that failing to obtain the defendant's personal waiver or agreement on the record can lead only to claims of error on appeal and further undermine the finality of the judgment.

We cannot agree in its affirmance in *Davis* the Supreme Court endorsed the majority holding of this court in that case. The basis of our majority decision was that (1) the agreement of counsel to the extended trial date amounted to a continuance on the defendant's "own motion" and (2) since no constitutional right was involved, such agreement could be by defendant's attorney, without the defendant's personal affirmative assent. As we read the Supreme Court's decision, it held no more than that the trial court, under R. C. 2945.72(H), had discretion to grant a reasonable continuance and that its conclusion that it had no discretion was in error. The Supreme Court remanded the case for a determination by the trial court as to whether the continuance it had granted was a reasonable one. It did not adopt this court's rationale in regard to the effect of the attorney's agreement to the delayed trial date.

We must, therefore, respectfully dissent from the court's ruling on the first two assignments of error.