BOYER, Judge,
dissenting.
As I have theretofore stated[1] I do not agree with the “speedy trial rule”.[2] I think it to be a bad rule and bad law. I recognize the constitutional right to a prompt trial.[3] However, the test should be, in my view, prejudice to the accused and not a fixed quantative time period.[4]
As I stated in State v. Ansley, supra: “The philosophy behind ‘speedy trial’ is to assure that an accused be not required to languish in jail or under threat thereof while on bail, awaiting a delayed trial. The constitutional right to be protected is the right of speedy trial not a speedy discharge without trial. In my view, an accused should not be allowed to escape prosecution, perhaps to the detriment of society, without expressing some desire to ‘get it over with’. However, it is not the prerogative of this court (as it is the Supreme Court) to question the wisdom of the rule. We have but one choice, to follow. I therefore most reluctantly, with full knowledge that justice is not *1249 achieved but is thwarted, concur in the opinion authored by my brother Judge Rawls.”
However, notwithstanding my disagreement with the rule itself and my oft-repeated conviction that by quantifying the right to speedy trial into a specific number of days, rather than examining the effect of delay upon the accused, little is achieved other than detriment to society and scorn for the legal system, I am nevertheless convinced that stability of the law and the doctrine of stare decisis are important concepts which require observance.
As was clearly demonstrated during oral argument of this case, the sole issue for consideration is whether a two week Christmas recess observed in the courts of Duval County pursuant to custom and order by the chief judge but not provided for by statute nor rules of civil, criminal, nor appellate procedure, constitutes an “exceptional circumstance” within the meaning of the “speedy trial rule”.[5]
As unpalatable and unreasonable as the rule is (in my view) it seems to me inescapable that by virtue of the rule itself and the prior cases decided by this and other courts the Christmas recess (as distinguished from the Christmas holiday itself)[6] is not an exceptional circumstance. Improvidently, I believe, a very strict interpretation has been placed upon the rule.
In Allen v. State,[7] as an example, the Supreme Court of Florida has held that a delay by the grand jury in returning an indictment against a defendant was not an exceptional circumstance contemplated by the rule. Several cases have held that a crowded court docket is insufficient to toll the speedy trial time because such a delay is not “caused by defendant”.[8] Even closer on point is this court’s opinion in State v. Jones.[9] The facts of that case reveal that the last day of the defendant’s speedy trial time, October 27, was a federal holiday (Veterans’ Day). The trial court had extended the trial until the following day. Affirming the defendant’s discharge under the rule this court held that since October 27 was not a legal holiday in Florida the state was not entitled to an extension of the trial until the next day. In coming to that conclusion this court cited Farrell v. Bendix Corp.,[10] wherein our sister court, faced with the question of whether December 26 was a legal holiday under the appellate rules, quoted the following passage from Florida Jurisprudence:[11]
“Statutory or legal holidays are not regarded by the courts as non judicial days unless the courts are constrained to regard them as such by the terms of the necessary effects of statutes. A legal holiday has only the sanctity attached to it by statute.”
With the foregoing precedents in mind and in conformity with the doctrine of stare decisis, albeit reluctantly, I can arrive at no conclusion other than that the Christmas recess observed in Duval County (except Christmas day itself) is not an exceptional circumstance authorizing an extension of a defendant’s speedy trial time.
Without any reference whatsoever to the rule, but with due respect to the doctrine of stare decisis, I would accordingly reverse.

. State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977).

. Fla.R.Crim.P. 3.191.

. See Dickey v. State, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) and State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977).

. State v. Griffin, supra.

. For an excellent discussion of the rule see “Florida’s Speedy Trial Rule — Certainty or Confusion?”, by Kirk N. Kirkconnell and Chandler R. Muller, The Florida Bar Journal, Vol. 51, No. 9, Nov. 1977, page 619, et seq.

. The constitutionality of the observance of Christmas is not raised as an issue in this case.

. 275 So.2d 238 (Fla. 1973).

. Leon v. Baker, 238 So.2d 281 (Fla.1970); Leonard v. McIntosh, 237 So.2d 809 (Fla. 4th DCA 1970); Clark v. Edwards, 234 So.2d 399 (Fla. 4th DCA 1970), cert. den. 239 So.2d 246 (Fla.1970).

. 332 So.2d 699 (Fla. 1st DCA 1976).

. 232 So.2d 419 (Fla. 4th DCA 1970).

. 30 Fla.Jur., Sundays and Holidays, § 38.