[Cite as *Willowick Bldg. Dept. v. Indale*, 2024-Ohio-5262.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| WILLOWICK BUILDING DEPARTMENT, CITY OF WILLOWICK, | CASE NO. 2024-L-006 |
| Plaintiff-Appellee, | Criminal Appeal from the Willoughby Municipal Court |
| - vs - | |
| GUENET INDALE, | Trial Court No. 2023 CRB 02268 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: November 4, 2024
Judgment: Reversed and vacated

*Mandy J. Gwirtz*, Willowick City Prosecutor, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Plaintiff-Appellee).

*Mark S. O'Brien*, 12434 Cedar Road, Suite 11, Cleveland Heights, OH 44106 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}　Appellant, Guenet Indale, appeals her conviction from the Willoughby Municipal Court. Appellant was convicted on one unclassified misdemeanor for violating Section 1367.01 of the Codified Ordinances of the City of Willowick arising from failures to properly maintain the apartment complex she co-owns through Shoregate Towers NS, LLC.

{¶2}　Appellant raises six assignments of error arguing: (1) the trial court erred by denying her pre-trial motion to dismiss on statutory speedy trial grounds; (2) and (3) the

trial court erred in refusing to provide requested jury instructions; (4) the trial court erred by permitting other acts evidence; (5) Appellant's conviction was not supported by the manifest weight of the evidence; and (6) Appellant was subjected to excessive fines and cruel and unusual punishment when the trial court sentenced her to a $1,000.00 fine and 180 day suspended jail term.

{¶3} After review of the record and the applicable caselaw, we find Appellant's first assignment of error has merit. The trial court set the case for trial beyond the speedy trial time that R.C. 2945.71 mandates and there were no applicable exceptions extending that time. R.C. 2945.72(H) does not apply to this circumstance. The trial court initially set the trial date for January 8, 2024, beyond the statutory deadline. It later denied the City's motion to advance trial because a jury would not be available until the January 8 trial date. The trial court's declining to advance trial does not constitute a "reasonable continuance granted other than upon the accused's own motion." Further, the reason the trial court did not set the case within the speedy trial time was because no jury had been summoned. However, the trial court had 11 weeks of advance notice that a jury would be needed, and the trial court could have summoned jurors in that time frame.

{¶4} Therefore, we reverse the judgment of the Willoughby Municipal Court and vacate Appellant's conviction.

### Substantive and Procedural History

{¶5} On August 29, 2023, the City served Appellant with a Property Maintenance Notice, alleging four violations of Section 1367.01 of the Codified Ordinances of the City of Willowick. Each violation related to the maintenance of the Shoregate Towers, which Appellant co-owns through Shoregate Towers NS, LLC.

2

Case No. 2024-L-006

{¶6} Section 1367.04 provides that violations of the International Property Maintenance Code of 2015 constitute an unclassified misdemeanor punishable by up to six months imprisonment and a fine of $1,000.00. The notices of violation required Appellant to remediate the violations by August 29, 2023.

{¶7} On September 7, 2023, the City filed Case No. 23CRB02268, a two-count complaint alleging Appellant had failed to properly maintain handrails or guards, as required by section 304.12 of the International Property Maintenance Code of 2015 and had failed to prevent an accumulation of rubbish, as required by section 308.1 of the Code.

{¶8} On September 22, 2023, the City filed Case No. 23CRB02423, a second two count complaint against Appellant, alleging Appellant failed to maintain elevators, as required by section 606.2 of the Code and had failed to prevent an infestation of pests, as required by Section 309.1 of the Code.

{¶9} On October 3, 2023, Appellant entered a plea of not guilty to all counts in both cases. No trial date was set at the initial appearance.

{¶10} Appellant filed a jury demand on October 11, 2023.

{¶11} On October 16, 2023, the trial court sent a notice of hearing to the parties, setting the trial date for January 8, 2024.

{¶12} On November 16 and 17, the City filed two motions seeking to advance the trial date so trial would commence prior to December 25, 2023. The reason for the motions was because "[t]he statutory speedy trial time runs before" the set trial date of January 8, 2024.

Case No. 2024-L-006

**{¶13}** On December 5, 2023, the trial court issued a judgment entry denying the State's motions to advance, explaining that the "Court has not summoned any jurors between the time of the filing of the City's motion and the currently scheduled jury date in January." The court also sua sponte tolled Appellant's speedy trial time, citing R.C. 2945.72(H).

**{¶14}** On January 2, 2024, Appellant filed a Motion to Dismiss saying her statutory speedy trial rights had been violated because the trial court failed to bring her to trial prior to January 1, 2024. Appellant argued that the trial court "did not grant a *continuance* of trial as contemplated by O.R.C. § 2945.72(H). To the contrary, it denied Plaintiff's motion to *advance* trial on speedy trial grounds. . . . No party ever requested a continuance of the trial date, and the Court has not, in fact, continued the trial date. It merely stated that the 90-day speedy trial period mandated" was tolled.

**{¶15}** The trial court denied Appellant's motion to dismiss and the matter proceeded to jury trial. In Case No. 23CRB02268, Appellant was convicted on both counts. In Case No. 23CRB02423, Appellant was convicted on Count Two. The City dismissed Count One.

**{¶16}** On January 22, 2024, the trial court sentenced Appellant. In Case No. 23CRB02268, the court imposed a $1,000.00 fine and 180 days jail with 180 days suspended on each count. In Case No. 23CRB02423, the court imposed a $1,000.00 fine and 180 days jail with 180 days suspended.

**{¶17}** Appellant timely appealed, raising six assignments of error.

**Assignment of Error and Analysis**

{¶18} Appellant's first assignment of error states: "The trial court erred when it denied Appellant's pre-trial motion to dismiss on statutory speedy trial grounds."

{¶19} On December 5, 2023, the trial court issued a judgment entry denying the State's motions to advance, explaining that the "Court has not summoned any jurors between the time of the filing of the City's motion and the currently scheduled jury date in January." The court further tolled Appellant's speedy trial time, citing R.C. 2945.72(H).

{¶20} Appellant argues that R.C. 2945.72(H) does not apply to extend the date of the trial because the trial court did not grant a continuance on her own motion and did not grant any continuance "other than upon the accused's own motion." Indeed, Appellant argues that the trial court did not grant any continuance of the trial date at all. Instead, she argues that the trial court set the date of the trial beyond the speedy trial date and then denied the State's motion to advance the trial date.

{¶21} Because of this, Appellant argues that the trial court's reasoning for setting the trial date beyond the speedy trial date is not supported by the law.

{¶22} Appellant has not asserted a constitutional speedy trial violation. We therefore only consider her statutory speedy trial argument.

{¶23} Courts are to strictly enforce the right to a speedy trial. *State v. Pachay,* 64 Ohio St.2d 218 (1980), syllabus. Statutory speedy trial issues present a mixed question of fact and law. *State v. Hiatt*, 120 Ohio App.3d 247, 261 (4th Dist.1997). The reviewing court is to accept the facts as found by the trial court provided they are supported by competent credible evidence. *Id.* However, the court freely reviews the application of the law to the facts. *Id.*

{¶24} "An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by charging in a motion to dismiss that he or she was held solely on the pending charge and for a time exceeding the R.C. 2945.71 time limits." *Id.* If the accused presents a prima facie case, then the burden shifts to the state to show that the statutory limit in R.C. 2945.71 has not been exceeded by demonstrating that the time limit had been properly extended pursuant to R.C. 2945.72. *Id.*

{¶25} R.C. 2945.71 provides that a person shall be brought to trial within 90 days for all misdemeanor charges "for which the maximum penalty is imprisonment for more than sixty days."

{¶26} R.C. 2945.72 provides in pertinent part that the "time within which an accused must be brought to trial . . . may be extended only by the following: . . . (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]"

{¶27} R.C. 2945.73 states that, upon motion made prior to trial, "a person charged with a misdemeanor shall be discharged if the person is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code. Such a discharge is a bar to any further criminal proceedings against the person based on the same conduct."

{¶28} Generally, "[t]he speedy trial clock may be temporarily stopped, i .e., tolled, only for the reasons set forth under R.C. 2945.72." *State v. Sedlak*, 2011-Ohio-870, ¶ 13 (11th Dist.). A reasonable continuance granted pursuant to R.C. 2945.72(H) must be "reasonable in both purpose and length." *Id.*

{¶29} "[T]he burden to timely try a defendant rests upon the prosecution and trial courts . . . a defendant is not required to either demand a timely trial or object to a trial

6

setting outside the periods set forth in R.C. 2945.71 and is to be accorded the benefits of time limitations prescribed therein." *State v. Wentworth*, 54 Ohio St.2d 171, 173, (1978).

**{¶30}** A court may grant reasonable "sua sponte extensions beyond the time prescribed in R.C. 2945.71." *State v. Mincy*, 2 Ohio St.3d 6, 7 (1982). However, "when *sua sponte* granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." *Id.* at 9.

**{¶31}** The "presence of a crowded docket," the "unavailability of a witness," and inability to summon a jury on short notice have all been held to be reasonable bases warranting a sua sponte court continuance beyond the speedy trial expiration*. Wentworth*, 54 Ohio St.2d at 174 (crowded docket); *State v. Sedlak*, 2011-Ohio-870, ¶ 14 (11th Dist.) (unavailability of a witness); *State v. Jensen*, 1995 WL 386454, *2 (6th Dist. June 30, 1995) (inability to summon jury on short notice).

**{¶32}** We address two related reasons why Appellant is entitled to discharge because the court violated her speedy trial rights.

**1. The trial court did not grant a continuance pursuant to R.C. 2945.72(H):**

**{¶33}** First, we address Appellant's argument that R.C. 2945.72(H) does not apply because the trial court did not grant a continuance, but rather initially set the trial date beyond the speedy trial date.

**{¶34}** Broadly, "[t]he mere setting of an original trial date beyond the time limits of R.C. 2945.71 does not constitute a continuance "other than upon the accused's own motion" pursuant to R.C. 2945.72(H)." *State v. Cutcher*, 56 Ohio St.2d 383 (1978), syllabus. The more specific question we address is whether the trial court's stated reason

7

for denying the State's motion to advance prior to the expiration of the speedy trial time satisfies the requirements of R.C. 2945.72(H).

{¶35} In *Village of Oakwood v. Ferrante*, 44 Ohio App.2d 318 (8th Dist.1975), the defendant was arraigned in mayor's court, but later bound over to the municipal court and set for trial. *Id.* at 318. The original date the case was set for trial was beyond the speedy trial deadline. *Id.* On the trial date, the case was continued, but the continuance was chargeable to the defendant. *Id.* The defendant filed a motion to dismiss based on the state's failure to bring him to trial within the limits set forth in R.C. 2945.71. *Id.*

{¶36} On appeal, the court said that no reasonable continuance was granted prior to the expiration of the speedy trial deadline. *Id.* at 321. However, the appellate court addressed whether initially setting the trial date beyond the speedy trial limit could serve as an implied sua sponte continuance pursuant to R.C. 2945.72(H). *Id.* At the hearing on the defendant's motion to dismiss, the trial court stated that it needed to set the trial for a date beyond the speedy trial deadline due to an overcrowded docket. *Id.* However, it did not issue a judgment entry stating its reasoning prior to the expiration of the speedy trial date.

{¶37} The court of appeals said:

> To permit a trial court to originally schedule criminal cases beyond the date for trial required by R.C. 2945.71 without indicating that a continuance had been granted would render the mandatory provisions of R.C. 2945.71 to 2945.73 a nullity. The statutory scheme carefully set out in these statutes would be replaced by the rule that 'an accused shall be brought to trial as soon as the court's docket permits.'

*Id.* at 323.

{¶38} The court further said:

Case No. 2024-L-006

[T]the granting of a sua sponte continuance may not be implied from the fact that the trial court originally set an accused's trial for a date beyond that permitted by R.C. 2945.71. Where the court's journal does not reflect that a continuance has been granted on or before the last day for trial permitted by R.C. 2945.71, the state may not rely upon R.C. 2945.72(H) to justify a delay in bringing the accused to trial."

(footnote omitted) *Id.* at 323-324.

{¶39} In coming to this holding, the Eighth District recognized an apparent conflict with other districts that had held a reviewing court could presume there was a reasonable basis to schedule a case beyond the speedy trial deadline. *Id.* at 323, fn. 3.

{¶40} The *Ferrante* court said:

If, at the time the trial court sets a criminal case for trial, the court's docket makes it impossible to set the trial within the time limits imposed by R.C. 2945.71, the trial court may grant a reasonable continuance to an open date on the docket. In so setting the accused's trial date, the court must indicate on its journal that it has granted a sua sponte continuance and that defendant's time for trial has been extended pursuant to R.C. 2945.72(H).

*Id.*

{¶41} In *Ferrante*, the trial court's journal was "silent as to the granting of a continuance prior to the date when R.C. 2945.71 mandated that the defendant be brought to trial." *Id.* at 324. Therefore, R.C. 2945.72(H) could not justify the delay in bringing the defendant to trial.

{¶42} *Ferrante*'s holding, however, is not clear cut. At the time of its release, the Ohio Supreme Court had not yet issued *State v. Pudlock*, 44 Ohio St.2d 104 (1975), finding that a short delay beyond the speedy trial deadline could be permissible if the trial court first issued a judgment entry continuing the matter and stating the reasons therefor. Thus, *Ferrante* was dealing with two unique questions. First, whether there could be an implied sua sponte continuance from the trial court initially setting the matter beyond the

9

speedy trial deadline. Second, whether the trial court's journal could be silent as to why the continuance had been granted. The ruling in *Ferrante* can be read as totally excluding the concept of an implied continuance under R.C. 2945.72(H) or it can be read to exclude an implied continuance only where the trial court does not otherwise state at some point prior to trial the reason it has initially set the trial beyond the speedy trial deadline.

**{¶43}** However, the Eighth District offered further guidance on this issue four years later. In *State v. Archibald*, 1979 WL 210310 (8th Dist. Aug. 23, 1979), the court explained the *Ferrante* holding to mean that "when a trial date is initially set beyond the time requirements of R.C. § 2945.71, a *sua sponte* continuance would not be implied by the trial court's actions. Rather, the *continuance and its underlying reason* must appear in the Court's journal." (Emphasis added) *Id.* at *2.

**{¶44}** "'Continuance' is not defined in the statute or in the criminal rules." *State v. Wentz*, 49 Ohio App.2d 96, 98 (5th Dist.1975). *Wentz* relied on Black's Law Dictionary for a definition. *Id.* Other jurisdictions have similarly relied on dictionary definitions, while some jurisdictions have definitions within the code of procedure. *State v. Winer*, 99 Conn.App. 579, (2007) (relying on Webster's Third New International Dictionary and Blacks Law Dictionary); *State v. Brown*, 394 So.2d 218, 219, (Fla.App.1981) (the Florida Rules of Criminal Procedure define continuance as "the postponement of a cause for any period of time."). Black's Law Dictionary (7th Ed.1999) defines a "continuance" as "[t]he adjournment or postponement of a trial or other proceeding to a future date."

**{¶45}** Regardless of definition, R.C. 2945.02 provides in pertinent part that "[w]henever any continuance is granted, the court shall enter on the journal the reason for the same."

10

Case No. 2024-L-006

**{¶46}** There can be no question that the trial court did not enter on its journal an entry stating the reason for continuing the case. The trial court set an initial trial date beyond the speedy trial deadline and then declined to advance that initial trial date. While it is true the court provided a post-hoc basis for setting the case beyond the speedy trial date, declining to advance a trial does not satisfy the statutory requirement set forth in R.C. 2945.72(H) that the court grant a sua sponte "reasonable continuance granted other than upon the accused's own motion."

**{¶47}** In this case, we have a trial court that initially set the trial for beyond the speedy trial deadline. To constitute a continuance, the trial court must enter it upon its journal and state the reasons for the continuance. *See* R.C. 2945.02. This did not happen. Thus, there has been no continuance granted in this case to satisfy R.C. 2945.72(H).

### 2. The trial court did not have a reasonable purpose in extending the speedy trial deadline:

**{¶48}** Next, regardless of whether the trial court granted a continuance, the trial court did not provide a reasonable purpose on the record for extending the speedy trial deadline.

**{¶49}** In *Jensen*, 1995 WL 386454 (6th Dist. June 30, 1995), the Sixth District concluded that the trial court's inability to summon a jury on short notice was a valid basis for the trial court to sua sponte continue the defendant's trial beyond the speedy trial limit. The trial court had made record of the continuance, stated it was unable to summon a jury within the speedy trial time because Appellant had made a last-minute decision not to enter a plea, and said in its journal that it was impractical to summon a jury in the time

11

Case No. 2024-L-006

required. *Id.* Further, the defendant had "made no showing that the length of the continuance was unreasonable." *Id.*

**{¶50}** Unlike in *Jensen*, in this case there was no need to summon a jury "on short notice." On October 6, 2023, the trial court set a trial date of January 8, 2024. That is, the trial court set the trial date beyond the speedy trial time a full 77 days (11 weeks) before the expiration of speedy trial on January 1, 2024. At the time the trial court set this date, it did not provide a reason for doing so.

**{¶51}** Then, 46 days before the speedy trial limit, on November 16, 2023, the City filed a motion to advance the trial date.

**{¶52}** The trial court waited 19 days to rule on this motion before saying that "Court has not summoned any jurors between the time of the filing of the City's motion and the currently scheduled jury date in January."

**{¶53}** Notably, the court did not say that it had not summoned any jurors prior to the expiration of Appellant's speedy trial time. Instead, the court said that it "has not summoned any jurors *between the time* of the filing of the City's motion and the currently scheduled jury date in January." (emphasis added). The trial court's phrasing of the entry is also important because the trial court does not state that it would not be possible to summon jurors before Appellant's speedy trial time expired. The trial court certainly did not say it was impossible to summon jurors in the 11 weeks between setting Appellant's trial and the expiration of the speedy trial time. The court merely stated that it "has not" summoned any jurors. Also absent from the entry is any reference to a crowded docket making an earlier trial date impossible.

12

Case No. 2024-L-006

{¶54} This situation is akin to the one the Ohio Supreme Court warned of in *Pudlock*, 44 Ohio St.2d 104 (1975). There, the court acknowledged that court congestion could be a valid ground to extend a trial beyond the limit set in R.C. 2945.71 but cautioned that "practices which undercut the implementation of the 'speedy trial' provisions within R.C. 2945.71 and 2945.73 must not be employed to extend the requisite time periods." *Id.* at 525.

{¶55} This case is unlike *Jensen*, where the extension of the speedy trial time was necessary because the defendant made a last-minute decision and a jury was unexpectedly needed "on short notice." The City foresaw the problem and tried to get the trial court to avoid it.[1] But it did not. We cannot sanction the trial court's practice to set a case for trial (even where there is a valid sua sponte continuance on record) beyond the speedy trial limit 11 weeks in advance of trial on the basis that a jury cannot be summoned in that time. To do otherwise would be to promote a practice undercutting the intended implementation of the statutory speedy trial provisions.

{¶56} Thus, the trial court's purpose in extending the trial beyond the speedy trial deadline was not reasonable in purpose. *See Sedlak*, 2011-Ohio-870 at ¶ 13 (11th Dist.); *Pudlock, supra,* at 525.

{¶57} Accordingly, Appellant's first assignment of error has merit.

{¶58} Based on our holding in Appellant's first assignment of error, Appellant's remaining assignments of error are moot.

---

1. However, it is worth noting that upon receiving the trial court's entry declining to advance the trial date, the City could have voluntarily dismissed the case and refiled at a later date to accommodate summoning a jury. *See State v. Broughton*, 62 Ohio St.3d 253, 259-260 (1991) ("[T]he time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).")

13

Case No. 2024-L-006

**{¶59}** For the foregoing reasons, the judgment of the Willoughby Municipal Court is reversed and Appellant's conviction is vacated.

MATT LYNCH, J., concurs,

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

---

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

**{¶60}** I respectfully dissent from the majority's disposition of appellant's (Guenet Indale "Ms. Indale") first assignment of error and its determination that the trial court violated her speedy trial rights. In my view, the majority misapplies the governing law to the unique procedural facts of this case.

**{¶61}** Ms. Indale was charged with two misdemeanors that carried a maximum penalty of six months of imprisonment. *See Willowick* Cod.Ord. 1367.04, PM-106.4. "[A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial . . . [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." R.C. 2945.71(B)(2).

**{¶62}** The Supreme Court of Ohio has recognized that "the time limit provisions in R.C. 2945.71 are flexible to a degree." *State v. Mincy*, 2 Ohio St.3d 6, 7 (1982). R.C. 2945.72 contains a list of exceptions that toll the time within which the accused must be tried. *State v. Kist*, 2007-Ohio-4773, ¶ 26 (11th Dist.). At issue here is R.C. 2945.72(H), which provides, "[t]he time within which an accused must be brought to trial . . . may be

14

extended . . . by . . . [t]he period of any continuance granted on the accused's own motion, and *the period of any reasonable continuance granted other than upon the accused's own motion . . . ."* (Emphasis added.)

{¶63} The Supreme Court has held that a trial court may sua sponte continue a trial beyond the statutory speedy-trial limit pursuant to R.C. 2945.72(H), "but only when reasonable and only *when the continuance[] [is] made by journal entry prior to the expiration of the time limit."* (Emphasis added.) *State v. King*, 70 Ohio St.3d 158, 162 (1994); *see Mincy* at syllabus. For instance, in *Mincy*, the trial court scheduled the defendant's trial for three days before the statutory deadline. *Id*. at 6-7. On the trial date, the court sua sponte continued the trial but did not record an entry on its journal explaining the reason for the continuance until after the statutory deadline. *Id*. The Supreme Court of Ohio rejected this type of "after-the-fact extension." *Id*. at 8.

{¶64} Here, the trial court originally scheduled trial for January 8, 2024, which was after the statutory deadline. Appellee, the City of Willowick ("Willowick"), brought the issue to the trial court's attention by filing a motion to advance the trial date. In its December 5, 2023 judgment entry, the trial court reaffirmed the original trial date after invoking R.C. 2945.72(H) and stating that a jury was unavailable before the statutory deadline. Thus, the issue is whether the December 2023 entry constituted a sua sponte continuance pursuant to R.C. 2945.72(H). I conclude that it did.

{¶65} Ms. Indale does not dispute that the trial court's December 2023 entry was filed before the statutory deadline or challenge the trial court's stated reason. Rather, she argues that the entry was not a "continuance" under R.C. 2945.72(H), which she defines as the "'adjournment or postponement of an action pending in a court, to a subsequent

15

day of the same or another term.'" *State v. Wentz*, 49 Ohio App.2d 96, 98 (5th Dist. 1975), quoting *Black's Law Dictionary* (4th Ed.). According to Ms. Indale, the December 2023 entry does not qualify because it did not "postpone" the original trial date.

{¶66} Even accepting Ms. Indale's proposed definition of "continuance," the trial court's December 2023 entry qualified. Contrary to her assertion, the "action pending" was not the trial. Rather, the "action pending" was the criminal prosecution against her. In its December 2023 entry, the trial court "postponed" the criminal prosecution "to a subsequent day" by reaffirming the future trial date.

{¶67} This reading of the statute also comports with reason and logic. In effect, the trial court accomplished in one entry what it could have lawfully performed in two. For instance, the trial court could have filed an entry granting Willowick's motion to advance and scheduled trial for a date before the statutory deadline. Then, it could have filed a second entry sua sponte rescheduling trial for a date after the statutory deadline based on the unavailability of a jury. Instead, the trial court filed a single entry reaching the exact same result. The key factor is that the trial court acted before the statutory deadline. By doing so, the trial court complied with the statute and the Supreme Court's precedent.

{¶68} Ms. Indale also contends that the trial court lacked authority to "toll" the statutory deadline after originally scheduling trial for a date after the deadline. The case it cites, however, does not support that assertion. In *State v. Pudlock*, 44 Ohio St.2d 104 (1975), the defendant was arrested and demanded a jury trial. *Id.* at 104. The case was not set for trial, and the statutory deadline passed. *Id.* The defendant filed a motion to dismiss on statutory speedy trial grounds. *Id.* The trial court overruled the motion, stating "the physical impossibility of bringing this case to trial constitutes a 'reasonable

16

continuance granted other than upon the accused's own motion.'" *Id*. at 106. The defendant was later tried and convicted. *Id*. at 104. On appeal, the Supreme Court of Ohio discharged the defendant, stating, "to allow a trial court to extend the required time period under the above circumstances would render meaningless the provisions of R.C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial." *Id*. at 106.

{¶69} *Pudlock* is factually distinguishable. The facts of that case illustrate the type of "after-the-fact extension" that the Supreme Court of Ohio has prohibited. *See Mincy*, 2 Ohio St.3d at 8, citing *Pudlock*. Here, as stated, the trial court acted before the statutory deadline.

{¶70} Although not cited by Ms. Indale, I acknowledge the Supreme Court of Ohio's holding in *State v. Cutcher*, 56 Ohio St.2d 383 (1978), that "[t]he mere setting of an original trial date beyond the time limits of R.C. 2945.71 does not constitute a continuance 'other than upon the accused's own motion' pursuant to R.C. 2945.72(H)." *Id*. at syllabus. In that case, the trial court noted at the defendant's arraignment that the scheduled trial date might exceed the statutory deadline and advised the state to "look into that." *Id*. at 383. On the trial date, which was the day after the statutory deadline, the defendant moved for discharge, which the trial court denied. *Id*. The defendant was subsequently convicted. *Id*. The appellate court discharged the defendant, and the Supreme Court affirmed, rejecting the state's argument that the setting of an original trial date beyond the statutory deadline constituted a sua sponte continuance under R.C. 2945.72(H). *Id*. at 383, 384.

17

{¶71} *Cutcher* is also factually distinguishable. As stated, this case involves the legal sufficiency of the trial court's December 2023 entry, not its original scheduling order. To the extent the original scheduling order was deficient, the December 2023 entry was sufficient to cure any such deficiency.

{¶72} The majority focuses on whether the original scheduling order was a continuance under R.C. 2945.72(H), which, as explained, is not the relevant issue. Contradictorily, the majority also focuses on whether the trial court had a "reasonable purpose" for "extending the speedy trial deadline." Ms. Indale never asserted this argument below or on appeal; thus, this court should not address it.

{¶73} For these reasons, I would find that the trial court did not err by denying Ms. Indale's motion to dismiss on statutory speedy trial grounds and overrule her first assignment of error.

{¶74} I further dissent from the majority's determination that Ms. Indale's remaining assignments of error are moot. Since I would overrule her first assignment of error, I would reach their merits.

Case No. 2024-L-006