THE STATE OF OHIO, APPELLEE, *v.* DECKARD, APPELLANT.

[Cite as State v. Deckard (1972), 33 Ohio App. 2d 240.]

(No. 72AP-244—Decided December 26, 1972.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Eugene Paul Weiss*, for appellee.
*Messrs. Tyack, Scott & Colley*, for appellant.

WHITESIDE, J. This is an appeal from an order of the Franklin County Court of Common Pleas overruling defendant's application for discharge filed pursuant to R. C. 2945.72 and 2945.73.

Defendant was indicted on June 8, 1971, and arraigned on the indictment on June 18, 1971. On July 27, 1971, defendant filed three motions: the first, to suppress; the second, for a bill of particulars; and the third, to require plaintiff to produce certain drugs for analyzation. The latter two motions were sustained by the trial court on November 19, 1971, and the ruling on the motion to suppress was apparently reserved until immediately prior to trial.

The case was scheduled to be tried November 29, 1971, but the trial was continued upon the request of the state. The case apparently was reassigned for trial on March 22, 1972, and was again continued upon the application of the state by an entry approved by counsel for defendant. This was during the third term after the term in which the indictment was returned. Defendant was not detained in jail but had been admitted to bail and was "held by recognizance" within the meaning of R. C. 2945.72.

Apparently, the trial was not rescheduled during the January term, the third term after the term in which the indictment was returned. Defendant was not detained in June 13, 1972, during the May 1972 term, the fourth term after the term in which the indictment was returned. On May 31, 1972, defendant filed his application for discharge pursuant to R. C. 2945.72, contending that he was entitled to discharge because he had not been tried within three terms after the term in which the indictment was returned, and he was held by recognizance thereon. Thereafter, upon

the motion of the plaintiff, the trial was again continued from June 13, 1972, to July 24, 1972, which was also in the May 1972 term. On July 20, 1972, the trial court entered its order overruling the motion for discharge. Defendant appeals setting forth two assignments of error as follows:

"I. The trial court erred in ruling that defendant was not entitled to discharge under authority of 2945.72, Revised Code.

"II. The trial court erred in making certain findings of fact without permitting defendant to present evidence on those issues."

In support of his contention that he should be discharged, defendant relies upon *State* v. *Gray* (1964), 1 Ohio St. 2d 21, and *State* v. *Cross* (1971), 26 Ohio St. 2d 270. Neither of those cases involved the application of R. C. 2945.72 with respect to persons "held by recognizance," but, rather, involved the application of R. C. 2945.71 with respect to persons "detained in jail." A distinction between the two situations was recognized in each case. In *Gray*, it is stated in the opinion, at page 24:

"It appears clear that the General Assembly intended to distinguish between rights accorded an accused person 'detained in jail' and one admitted to bail, when it enacted Sections 2945.71 and 2945.72 of the Revised Code."

R. C. 2945.72 provides that where a person has been held by recognizance without trial for a period of more than three terms, he "shall be discharged unless a continuance is had on his motion, or the delay is caused by his act, or there is not time to try him at such third term, in which case he shall be brought to trial at the next term or be discharged." R. C. 2945.71 provides essentially the same with regard to persons detained in jail without trial, but the period limitation is two terms, and there are no exceptions made for situations where there is not time to bring the defendant to trial. This additional exception in the recognizance cases is of significance.

In neither *Gray* nor *Cross* were any continuances granted to either the state or the defendant. There were al-

so express findings in both cases that the defendant had not caused delay by his act. In *Cross,* it is stated in the opinion, at page 274:

"* * * However, the question of whether an accused caused the delay mentioned in that section is one of fact for determination by the trial court and, in the case at bar, that court has absolved the appellee of any responsibility for the delays which ensued below. * * *"

The trial court made a factual determination that the defendant was entitled to discharge. The Supreme Court affirmed.

Furthermore, both *Gray* and *Cross* distinguished *State* v. *Cunningham* (1960), 171 Ohio St. 54, a recognizance case. In *Cross,* it was stated, at page 276 of the opinion: "* * * we do not quarrel with the applicable paragraphs of the syllabi in *State* v. *Cunningham* (1960), 171 Ohio St. 54, 167 N. E. 2d 897; *Erwin* v. *State* (1876), 29 Ohio St. 186; and *Johnson* v. *State* (1884), 42 Ohio St. 207, limited as they are to their own facts, except with regard to the approval of the third paragraph of the syllabus in *Ex Parte Mc-Gehan,* 22 Ohio St. 442, *infra.* Each of such cases is factually distinquishable from the instant cause. * * *"

In *Cunningham,* the defendant was indicted at the April 1956 term. He was not brought to trial during the remaining two terms of 1956, nor in the three terms of 1957. In the January 1958 term, the defendant, by motion, raised the issue of his not having been tried within three terms. The trial court overruled the motion, expressly finding that there was material evidence which the state had made a reasonable effort to procure, but had been unable to do. The court further found that there was reason to believe "that such evidence can be had at the next term, or even during the present term of court." The defendants were not brought to trial during the next term, the April 1958 term. Rather, they were brought to trial during the September 1958 term, the seventh term after the term in which the indictment was returned. At the beginning of the September 1958 term, the defendants again made motions to quash the indictment, relying upon R. C. 2945.72.

The trial court overruled these motions, the Court of Appeals reversed, and the Supreme Court reversed the Court of Appeals and affirmed the trial court, stating that that court "was correct in refusing to discharge the appellees."

The Supreme Court decision in *Cunningham* was predicated, in part, upon a continuance entry which, by stipulation, was before that court but was not included in the record before the court of appeals. That entry was entered at the end of the April 1958 term and continued all cases, both criminal and civil, which were pending and not disposed of, to the September term of court. With respect to such continuance, the Supreme Court stated, in the second and third paragraphs of the syllabus of *Cunningham*, that:

"2. Where a criminal cause is continued without disclosing the ground for such continuance, it will be presumed that the continuance was upon sufficient ground, in the absence of anything in the record to the contrary, notwithstanding the provisions of Sections 2945.72 and 2945.-73, Revised Code. (Paragraph one of the syllabus of *Johnson* v. *State*, 42 Ohio St., 207, approved and followed.)

"3. The provisions of Section 2945.73, Revised Code, deny the power to grant to the state more than one continuance by reason of the absence of material evidence, but the granting of one continuance for that reason does not deprive the court of the power to continue the cause again for the reasons stated in Section 2945.72, Revised Code, notwithstanding that the accused asks to be discharged under such sections. (Paragraph two of the syllabus of *Johnson* v. *State*, 42 Ohio St., 207, approved and followed.)"

While there is no indication in the record as to whether or not the Franklin County Court of Common Pleas by general entry continued all pending criminal cases from the January to the May term, *Cunningham* does indicate that continuances may be considered in determining whether an accused held to recognizance should be discharged pursuant to R. C. 2945.72. Likewise, the trial court made no specific finding as to whether or not there was time to try the defendant during the third term subsequent to the continuance granted during that term.

Rather, the trial court's overruling of the motion appears to be predicated upon the following findings: (1) this is a recognizance case and the state was ready for trial in the fourth term; and (2) the delay was caused, at least in part, by acts of defendant consisting of (a) the filing of three motions, and (b) the acquiescing in the continuances granted the state in the second and third terms.

The delay caused by the act of the accused within the contemplation of R. C. 2945.72 is not limited to a wrongful or intentional delay by the accused and it does not include a continuance upon a motion of the accused because this is separately set forth in R. C. 2945.72 as a reason for the denial of a discharge. Acquiescing in a continuance sought by the state constitutes delay by the accused within the contemplation of R. C. 2945.72. Where a continuance is sought by the state which would result in the accused not being brought to trial within the three-term rule of R. C. 2945.72, and the accused does not object to such continuance and demand a trial within such time, he has acquiesced in the continuance, and is not entitled to discharge pursuant to R. C. 2945.72. See *State* v. *Suspirata* (1943), 71 Ohio App. 500.

Furthermore, the motions filed by defendant necessarily caused some delay in the proceedings. The motions were filed in the first term and were ruled upon in the second term. While the state did not comply with the order sustaining the motion for a bill of particulars until the fourth term, there is no indication in the record that the defendant objected to such delay. Rather, the record indicates that defendant raised such issue for the first time in this court. While defendant correctly points out that the record does not affirmatively indicate that he agreed to the continuances, but, rather, they were granted upon the motion of the state, the record does not indicate that defendant objected to the continuances, and he does not so contend.

Defendant raises a query as to whether the terms have been properly counted, in view of the fact that there were four terms in 1971, and the Franklin County Court of Common Pleas determined in October 1971 to have only three terms in 1972. This, however, was consistent with R. C.

2301.05, which provides that a common pleas court shall, in October of each year, fix the days for commencement of the terms for the next judicial year, and requires not less than three terms.

By the second assignment of error, defendant contends that the trial court erred in failing to hold a hearing or take evidence upon his motion for discharge. The record does not indicate that defendant sought such a hearing or in any way indicated to the trial court that there was evidence to be presented in support of the motion.

Even if this be error, it is not a ground for reversal unless it is prejudicial. In support of this assignment of error, defendant refers to certain statements, in the statement of facts in his brief, which are not contained in the record. The only pertinent "facts" we find set forth which are not apparent from the record is the statement that the continuance of March 22, 1972, was also sought by the state upon the ground that the assistant prosecuting attorney assigned to the case was unavailable because he was involved in another trial at the time, and the statement to the effect that the case was assigned to a different assistant prosecuing attorney each time that it was assigned for trial. We fail to see what bearing such evidence would have on the trial court's decision. If, as contended by the defendant, the March 22, 1972, continuance was predicated upon the unavailability of the assistant prosecutor to whom the case was assigned, other prosecutors were available to try the case, and defendant should have resisted the continuance at that time upon such grounds. Also, there is no transcript of proceedings indicating that which transpired in connection with either continuance. (See Appellate Rule 9(C) and (D).)

Where a continuance is sought by the state, in a recognizance case, which will have the effect of delaying the trial until the fourth term after the term in which the recognizance was taken, the defendant is not permitted to refrain from objecting to such continuance; wait until the third term has expired; make an application for discharge pursuant to R. C. 2945.72; and, in support of such applica-

tion, offer evidence that such continuance should not have been granted.

It is true that the prosecutor contributed to the delay in the trial of this case. However, we do not believe that in order for delay to be caused by the act of the accused within the meaning of R. C. 2945.72, his act must be the sole cause of the delay.

It is possible that evidence might have been presented in connection with the application for discharge upon the issue of whether or not there was time to try the defendant during the third term between March 22, 1972, and the end of the term. Defendant makes no contention that there was, or that he would have presented evidence upon that issue. Accordingly, we find no prejudicial error in the trial court's failure to hold an evidentiary hearing upon the application for discharge. It must be remembered that while insufficient time to bring the defendant to trial at the third term is a ground for overruling an application for discharge in held-by-recognizance cases, it is not a ground for overruling such a motion in detained-in-jail cases.

For the foregoing reasons, both assignments of error are overruled, and the order of the Franklin County Court of Common Pleas is affirmed.

*Order affirmed.*

STRAUSBAUGH and HOLMES, JJ., concur.