CITY OF CINCINNATI, APPELLEE, *v.* WILLIAMS, APPELLANT.

[Cite as Cincinnati v. Williams (1975),
44 Ohio App. 2d 143.]

(No. C-74265—Decided April 28, 1975.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. John DiPuccio,* for appellee.

*Mr. Morris G. Sullivan,* for appellant.

COLE, J.    On February 4, 1974, the defendant, the appellant herein, was charged with a violation of Section 909-1 of the Cincinnati Municipal Code prohibiting certain acts of public indecency. On April 17, 1974, a motion to dismiss was filed on the grounds that this constituted a fourth degree misdemeanor, and that under R. C. 2945.-71(B)(1) a person charged with a fourth degree misdemeanor must be tried within 45 days after he is arrested or served with a summons. The date of arrest is shown on the docket sheet in the record as February 3, 1974. We can find no entry of disposition of this motion in the record. However, the docket sheet again shows a hearing on April 22, 1974. At this hearing, the court overruled the motion orally on the ground the defendant was present with counsel when the trial date was set and failed to object to the trial date then set, which was beyond the 45 day period.

Thereafter, he was found guilty and on May 20, 1974, was sentenced. On May 20th, a Notice of Appeal was filed from the judgment and sentence with specific reference to the order on the motion to dismiss.

R. C. 2945.71 became effective January 1, 1974. It provides in part:

"B. A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"1. Within forty-five days after his arrest * * * if the offense charged is a misdemeanor of the third or fourth degree * * *."

This is a specific mandate by the legislature as to the time for trial. Extensions of this period are governed solely by R. C. 2945.72. No continuance was granted on the accused's own motion and no reasonable ground was asserted or is demonstrated by the record for any

continuance made other than upon the accused's own motion. Although it may be possible to continue a case on the court's own motion, there must affirmatively appear some reasonable ground for such action. None here appears. No other grounds for delay in R. C. 2945.72 appear applicable. The sole ground asserted by the court for denying the motion to dismiss was that no objection was made by the accused to the order setting the case for trial at this belated time.

At no place in the statute is the demand of the accused made a pre-requisite to the operation of the statute. The language is pre-emptory and mandatory, directing that the accused shall be brought to trial within the time specified. There is no evidence the accused affirmatively waived this right to a speedy trial.

The trial court was in error in proceeding to judgment. It is stated in R. C. 2945.73:

"B. Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by section 2945.71 and 2945.72 of the Revised Code."

The judgment of the trial court is reversed and this court, doing that which the trial court should have done, orders that the defendant be discharged at the costs of the city of Cincinnati.

*Judgment reversed.*

BUZZARD and McCORMAC, JJ., concur.

COLE, P. J., of the Third Appellate District, and McCORMAC, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

BUZZARD, J., of the Court of Common Pleas of Columbiana County, retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting by designation in the First Appellate District.