THE STATE OF OHIO, APPELLEE, *v.* WENTZ, APPELLANT.

(No. 4168—Decided June 13, 1975.)

*Mr. Harry Klide*, city solicitor, and *Mr. Ronald E. Stocker*, for appellee.

*Mr. Donald E. Caplea*, for appellant.

PUTMAN, J. The defendant, the appellant here, Lewis J. Wentz, was on March 10, 1974, arrested for and charged with driving under the influence of alcohol, pursuant to R. C. 4511.19. On March 11, 1974, the defendant, represented by counsel in Canton Municipal Court, entered a plea of not guilty to the charge and through his counsel filed a demand for a jury trial. The case was pretried on May 9, 1974, and the journal entry shows that as a result of the pre-trial hearing the case was assigned for a jury trial but no date was set. Counsel for the defendant was present and took part in the pre-trial hearing. The record further shows that on May 21, 1974, following the pre-trial hearing, defendant's counsel was notified that the case was set for

trial on June 18, 1974. On June 13, 1974, the state subpoenaed its witnesses for the trial scheduled June 18, 1974. On June 13, 1974, counsel for defendant filed a motion for discharge. The motion was overruled by the trial judge on July 16, 1974.

On July 24, 1974, defendant filed a petition for a writ of mandamus in this Fifth District Court of Appeals. On August 6, 1974, we dismissed the petition as failing to state facts warranting relief in mandamus, citing R. C. 2945.72 (H).

The defendant appealed to the Supreme Court of Ohio from that dismissal on August 13, 1974. On August 14, 1974, the defendant filed a motion for a stay in the proceeding until that appeal could be decided. That motion was denied by the Supreme Court.

The trial on this matter was held on October 4, 1974, at which time a jury of eight found the defendant guilty of operating a motor vehicle while under the influence of alcohol, in violation of R. C. 4511.19. The defendant filed a motion for a new trial. This motion was denied and thereafter he was sentenced. On February 12, 1975, the Supreme Court affirmed the dismissal by this court of the mandamus action, stating that defendant had an adequate remedy at law by way of appeal.

Defendant now prosecutes a timely appeal to this court from the sentence, assigning only one error—that the trial court's denial of his motion for discharge of July 16, 1974, was an abuse of discretion. We consider it as a claim that the judgment is contrary to law. It is overruled for the following reasons.

It is agreed that the charge of operating a motor vehicle while under the influence of alcohol is a misdemeanor of the first degree and that a person so charged must be brought to trial within the time limits set by R. C. 2945.71 (B). That section states, in pertinent part, as follows:

"A person against whom a charge or misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial: * * *

"(2) Within ninety days after his arrest or the ser-

vice of summons, if the offense charged is a misdemeanor of the first or second degree * * *.''

The defendant contends that since he was not brought to trial within ninety days, he was entitled to a discharge under the requirements of R. C. 2945.73 (B), which provides:

''Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.''

We find that any delay after the defendant's motion for discharge was made was caused by filing such motion; hence, it is not to be counted in computing the length of time within which the accused must be tried. R. C. 2945.72 (E) excludes ''[a]ny period of delay necessitated by reason of a * * * motion * * * made * * * by the accused.'' Therefore, the maximum length of time chargeable to the state, with which we are confronted, is ninety four days or four days over ''rule.'' The state claims that this time is not unreasonable within the meaning of R. C. 2945.72 (H) which authorizes extensions of time for the ''period of any continuances granted on the accused's own motion, and the period of *any reasonable continuance* granted other than on the accused's own motion.''

Defendant argues there can be no ''continuance'' absent a judgment entry expressly so stating. This argument fails for two fundamental reasons. ''Continuance'' is not defined in the statute or in the criminal rules. Therefore, we look to the law dictionary for a definition.

Black's Law Dictionary (Rev. 4th ed.) states:

''Continuance. The adjournment or postponement of an action pending in a court, to a subsequent day of the same or another term. *Com.* v. *Maloney,* 145 Mass. 205, 13 N. E. 482; *Ferber* v. *Brueckl,* 332 Mo. 892, 17 S. W. 2d 524, 527. Also the entry of a continuance made upon the record of the court, for the purpose of formally evidencing the postponement, or of connecting the parts of the record so as to make one continuous whole.''

Not only does the dictionary define continuance as an

event apart from the evidencing document entered on the journal, but the rules of superintendence, which were adopted by the Ohio Supreme Court for the governance of municipal courts, effective January 1, 1975, also recognize this concept. The case at bar was decided prior to these rules and therefore they do not directly decide our question. However, such rules do recognize that there may be continuances separate from the evidencing entries and limit post-rule extensions of the R. C. 2945.72 time to those provided for by journal entries stating the reason. See M. C. Sup. R. 5 B.

We find that the purpose of the above rule was to stop the practice of extending the time by continuances other than by entry, and in effect lends authoritative support to the proposition that pre-rule continuances without entry would extend the R. C. 2945.72 time where otherwise reasonable.

We find that four days after rule is not an unreasonable length of time on this record. Further, we find that in the entry of the trial court overruling the motion for discharge the court recites that the "record shows that on May 21, 1974, following the pre-trial hearing, defendant's counsel was notified that the case was set for jury trial for June 18, 1974" and that therefore he had acquiesced in that date and quietly permitted the various court and prosecution functionaries to proceed with their trial preparation and calendar scheduling on that basis.

We find, therefore, that to permit the accused to prevail on this record would be to condone a practice of "sandbagging" the entire scheduling process. This is not a high school debate but a serious business which challenges the best efforts of all officers of the court. At stake is public respect for the law in general and the criminal justice system in particular. Defense counsel is more than a mere "hireling" of a partisan, but is, rather, an officer of the court. Where counsel for an accused knows within rule that his scheduled hearing is out of rule and fails promptly to call this fact to the attention of the court he cannot, with respect to a subsequent delay, be heard to claim prej-

udice. See *State* v. *Deckard* (1972), 33 Ohio App. 2d 240. at 245:

"The delay caused by the act of the accused within the comtemplation of R. C. 2945.72 is not limited to a wrongful or intentional delay by the accused and it does not include a continuance upon a motion of the accused because this is separately set forth in R. C. 2945.72 as a reason for the denial of a discharge. Acquiescing in a continuance sought by the state constitutes delay by the accused within the contemplation of R. C. 2945.72. Where a continuance is sought by the state which would result in the accused not being brought to trial within the three-term rule of R. C. 2945.72, and the accused does not object to such continuance and demand a trial within such time, he has acquiesced in the continuance, and is not entitled to discharge pursuant to R. C. 2945.72. See *State* v. *Suspirata* (1943), 71 Ohio App. 500."

The prosecution claims in the alternative that these "time for trial" statutes (R. C. 2945.71 et seq.) are invalid as constituting an intereference with the Ohio constitutional power (Article IV, Section 5) of courts to control their own docket. We find this claim to be patently without merit. The statutes simply provide circumstances under which an accused is to be discharged from the criminal process and criminal liability. Absent the described circumstances, the court proceeds as formerly. Of course it would be naive not to recognize that judges will have to work under great pressure as a practical result of these statutes, but this cannot in any sense be equated with a loss of control over the docket.

We consider these statutes to be a limitation imposed by the state upon its own power to prosecute. They set forth a rule more severe, but different in kind, than the constitutional rule respecting the right of an accused to a speedy trial. That constitutional right is not the same "legal animal" and separately depends upon the fourfold considerations of length of delay, reason for delay, defendant's assertion or non- assertion of his right, and prejudice to the defendant resulting from the delay. See *Barker* v. *Wingo* (1972), 407 U. S. 514.

We recognize, also, that the state has the governmental power to repeal any or all of its criminal statutes altogether. We also recognize that the state acting through its legislature may, if it chooses, elect to adopt measures which appear to some judges to be extremely unwise restrictions upon its own ability to prosecute. However, these trial time statutes (R. C. 2942.71, R. C. 2942.73) are not as severe as defense counsel claims them to be. R. C. 2945.72 (H) expressly adopts a rule of reason and we find that it has not been violated in this case. Specifically, we find that the four day delay was a continuance otherwise reasonable within the meaning of R. C. 2945.72(H) and a delay occasioned by neglect of the accused within the meaning of R. C. 2945.72 (D). The judgment of the Canton Municipal Court is affirmed.

*Judgment affirmed.*

RUTHERFORD, P. J., and DOWD, J., concur.