THE STATE OF OHIO, APPELLEE, *v.* TOPE, APPELLANT.

[Cite as State v. Tope (1978), 53 Ohio St. 2d 250.]

(No. 77-402—Decided March 29, 1978.)

Mr. *George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Messrs. Cotruvo & Cusack* and *Ms. Mary Jo Cusack,* for appellant.

*Per Curiam.* The issue here is whether appellant is entitled to be discharged pursuant to R. C. 2945.73(B). R. C. 2945.71(C)(2) and (D) provide that a person

charged with a felony and held in jail solely on the pending charge shall be brought to trial within 90 days after his arrest, unless such time limitation is extended by R. C. 2945.72. R. C. 2945.73(B) provides that upon motion at or prior to trial, an accused shall be discharged if not brought to trial within the required time period.

There is no dispute that appellant was tried 93 days after his arrest.

In affirming the trial court's overruling of the motion to dismiss, the Court of Appeals stated:

"By failing to call the court's attention to the mistake until the day scheduled for trial, there was acquiescence in the trial date scheduled."

This holding of the Court of Appeals is clearly in error. In *State* v. *Singer* (1977), 50 Ohio St. 2d 103, this court held that:

"A defendant's failure to object to a trial date scheduled outside the 90-day limitation period of R. C. 2945.71 (C)(2) and (D), before the expiration of that period, does not amount to acquiescence in the trial date."

The court stated further at pages 106-107 as follows:

"The burden is thus imposed upon the state to bring an accused to trial within the statutory period. The Court of Appeals erroneously required appellant to object to the trial date prior to the expiration of the 90-day period, presumably so that the state could rectify the error. Such requirement effectively, and erroneously, shifted the burden imposed by law on the prosecutor to the accused, and must not be allowed to stand."

Appellee attempts to distinguish *Singer* on the grounds that in that case the trial was held 102 days after arrest, but that in the cause at bar the trial was held 93 days after arrest due to a purported clerical error in the computation of time. There is no merit to this contention.

The Court of Appeals below attempted to extend the time limitation by means of R. C. 2945.72(D) and (H). R. C. 2945.72 provides that:

"The time within which an accused must be brought

to trial \* \* \* may be extended only by the following:
"\* \* \*

"(D) Any period of delay occasioned by the neglect or improper act of the accused;
"\* \* \*

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The record discloses no delay occasioned by the neglect or improper act of appellant; therefore, Subdivision (D) cannot extend the 90-day limit. Subdivision (H) cannot extend the time limit because no continuance was ever granted by the trial court. *Singer, supra,* at page 109. Thus, the Court of Appeals' use of these subdivisions constituted error.

The record is clear that appellant was not tried within the time limit of R. C. 2945.71(C)(2) and (D), and that no extension pursuant to R. C. 2945.72 is applicable. The record also discloses that appellant complied with the directive of R. C. 2945.73(B) which merely requires a defendant to file a motion for discharge at or prior to the commencement of trial.

This court imposes upon the prosecution and trial courts the mandatory duty of complying with R. C. 2945.71 through 2945.73. We do so pursuant to our conclusion that the General Assembly has attempted a rational definition of the statutory guarantee of a speedy trial.

A defendant in Ohio has both a constitutional right to speedy trial, based upon the Sixth and Fourteenth Amendments to the United States Constitution, and a statutory right pursuant to R. C. 2945.71 through 2945.73. We accept this legislative directive, and will continue to do so, as long as these statutes effectively deal with factual situations in a manner consistent with constitutional standards. See *Singer, supra,* at pages 105-107; *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 71; and *Barker* v. *Wingo* (1972), 407 U. S. 514.

The judgment of the Court of Appeals is reversed, and, pursuant to R. C. 2945.73(B), appellant is hereby ordered discharged.

*Judgment reversed and appellant ordered discharged.*

O'NEILL, C. J., W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.
HERBERT and CELEBREZZE, JJ., dissent.

HERBERT, J., dissenting. I dissent on the basis of my concurring opinion in *State* v. *Pugh* (1978), 53 Ohio St. 2d 153, 155.