### State v. Vagedes
*[Cite as 6 AOA 351]*

*Case No. CA90-03-058*
*Butler County, (12th)*
*Decided August 20, 1990*

*John F. Holcomb, Butler County Prosecuting Attorney, Terri S. King, 216 Society Bank Build-*

ing, P.O. Box 515, Hamilton, Ohio 45012, for Plaintiff-Appellee.

William J. Hatfield, 9319 Cincinnati-Columbus Road, West Chester, Ohio 45069, for Defendant-Appellant.

KOEHLER, J.

Defendant-appellant, Robert L. Vagedes, appeals a conviction from the Butler County Court for driving under the influence, in violation of R.C. 4511.19(A) (1); speeding, in violation of R.C. 4511.21(D) (1); and driving without a seatbelt, in violation of R.C. 4513.263(B) (1). Appellant's conviction followed a plea of no contest after the trial court denied his motion to dismiss. Appellant was sentenced to six months imprisonment and a $600 fine on the DUI charge, of which one hundred seventy days and $400 were suspended. His speeding conviction was merged into the DUI charge, and he received a $20 fine on the seatbelt violation. Finally, appellant's drivers' license was suspended for one year.

The facts indicate that in the early morning of January 25, 1989, appellant was observed by a state highway patrol officer speeding and weaving while in the southbound lanes of I-75 in Union Township, Butler County. Appellant was subsequently pulled over; various sobriety tests revealed that he was intoxicated. Upon his arrest, patrolmen discovered appellant was wanted by police in Montgomery County, Ohio, for a crime he was alleged to have committed earlier that evening. The arresting officers turned appellant over to Montgomery County authorities, and appellant was transported to Dayton where he was indicted and convicted on charges of felonious assault and aggravated burglary.

Although appellant had been ordered on the vehicular offense citation to appear in the Butler County Court on January 30, 1989, appellant did not do so, since at that time, and up until March 1989, appellant was in the Montgomery County jail. After his conviction and sentencing on the assault and burglary charges, appellant was transferred to the London Correctional Institution to serve his sentence. Appellant was released from the London facility on shock probation on November 28, 1989. At that time he was taken into custody by Butler County authorities and held in Butler County until released on his own recognizance on November 30, 1989. Appel-

lant pleaded not guilty and his case was ultimately set for trial on February 12, 1990.

On that date, appellant filed a motion to dismiss the charges against him on the grounds that the state had failed to bring him to trial within the statutorily mandated time limits. The trial court denied this motion based upon its conclusion that it was the duty of appellant to inform authorities in Butler County that he was incarcerated on the Montgomery County charges. Upon the denial of the motion to dismiss, appellant changed his plea to no contest, and was convicted and sentenced.

Appellant has timely filed the instant appeal, raising as his sole assignment of error that the trial court erred in failing to grant his motion to dismiss on speedy trial grounds. Appellant argues that the duty to bring him to trial within the statutory limits rested with the state, and that the state's failure to try him within ninety days requires our reversal of his conviction. We agree, and so sustain his assignment of error.

R.C. 2945.71(B) (2) provides that a defendant charged with a first or second degree misdemeanor must be brought to trial within ninety days of his arrest. Such period may be extended by any period during which a defendant is incarcerated within or outside the state as a result of other criminal proceedings, so long as the state exercises reasonable diligence in its efforts to secure his availability. R.C. 2945.72(A). The statutory remedy for a failure to try an accused within these limits is discharge upon a motion made by the accused at or prior to trial. R.C. 2945.73(B).

In the instant case, appellant was tried and convicted on March 4, 1989 on the Montgomery County charges. Two hundred sixty-nine days later, appellant was released on shock probation from the London Correctional Institution. Appellant's trial on the Butler County charges was then set for February 1990. A total of three hundred eighty-three days passed between appellant's arrest in January 1989 and the scheduled trial of February 1990. Thus, appellant has established a prima facie case by showing that over ninety days elapsed between his arrest and trial. The burden then shifted to the state to prove that the time was somehow tolled, thus validating the post-deadline trial. See State v. Bowman (1987), 41 Ohio App. 3d 318, 319.

The state attempts to do so by arguing that appellant had a duty to notify Butler County

authorities of his whereabouts, so that the state could then attempt to comply with speedy trial guidelines. The state argues that since R.C. 2945.72(D) stops the clock for any delay caused by the neglect of the accused, appellant's failure to notify Butler County extended the speedy trial deadline.

"R.C. 2941.401 provides that, when properly notified [by a warden or superintendent], an inmate of a state correctional institution has a right to demand trial of an untried indictment within one hundred eighty days of the service of his request." *State v. Fitch* (1987), 37 Ohio App. 3d 159, 162. That statute appears to merely impose a duty upon the warden to notify the accused.

Even if R.C. 2941.401 did impose a duty upon appellant to inform Butler County authorities of his location, there first arose a duty upon the state to use reasonable diligence to locate appellant. *State v. Martin* (1984), 16 Ohio App. 3d 172, 173. The state therefore cannot successfully argue that appellant's conduct was neglectful until it first shows the state utilized reasonable diligence.

The state attempts to direct us toward appellant's conduct and away from its own by pointing to *State v. Wentz* (1975), 49 Ohio App. 2d 96. In *Wentz,* the Stark County Court of Appeals held that a delay in bringing a defendant to trial which is occasioned by the conduct of the defendant himself cannot be utilized in the calculation of the time required to bring the defendant to trial. We find *Wentz* to be unpersuasive. The instant facts do not involve a failure to object to a scheduled trial date, nor was there any evidence of "sandbagging" by either appellant or his counsel. Moreover, no documentary evidence exists in the record that appellant either did or did not attempt to notify authorities of his incarceration. Testimony at the dismissal hearing by both appellant and his mother indicated that attempts were made to notify Butler County authorities of appellant's whereabouts, but that, apparently, no communication was received.

The most compelling argument by appellant, however, is the fact that the arresting officer was in contact with Montgomery County authorities on the night of appellant's arrest, and that patrolmen were even aware of the exact offenses appellant was alleged to have committed in Dayton. Appellant was turned over to Montgomery County police. From these facts, appellant was entitled to presume that Butler County knew how and where to find him if they so de-

sired. Moreover, appellant was being prosecuted in Montgomery County on two felony charges which held a combined maximum penalty of forty years imprisonment. His Butler County vehicular charges were, as appellant stated, "the least of [his] troubles." We can easily see how he would underestimate the importance of disposing of those charges.

In our estimation, reasonable diligence on the part of the state could easily have located appellant. The state was required to exercise such reasonable diligence to no avail before it could seek to avoid dismissal by relying upon appellant's conduct.

We find no indication that appellant did anything to prevent the Butler County prosecutor from bringing him to trial within speedy trial limits. We therefore cannot agree with the trial court that no dismissal was warranted.

*Judgment reversed and*
*appellant discharged.*

YOUNG, P.J., concurs.
HENDRICKSON, J., dissents without opinion.