**The STATE of Ohio**

**v.**

**HUCKABY.**

Hamilton County Municipal Court, Ohio.

Nos. C97TRC3682ABCD and C97CRB2583.

Decided Aug. 5, 1997.

*Melissa Landthorn*, Hamilton County Assistant Prosecuting Attorney, for plaintiff.

*Lawrence Keller*, for defendant.

---

ROBERT TAYLOR, Judge.

Defendant Antonio Huckaby made his initial appearance in the arraignment courtroom on January 24, 1997 on three sets of cases, namely C97TRC3682 A/B/C/D (DUI/DUS/red light), C97CRB2571 (DV), and C97CRB2583 (drug abuse). A review of the transcript of arraignment reveals that the defendant, through counsel, entered a plea of not guilty, and the cases were referred to the municipal court assignment commissioner's office for case assignment and setting.

In the hearing on the defendant's motion to dismiss, filed in C97TRC3682, the only testimony elicited by the defendant was that of Theresa Lalley, an employee

of the court, working in the office of the assignment commissioner. A review of the transcript of those proceedings and the exhibits offered reveal that the defendant, through counsel, executed two documents, each designated as an "Entry Extending Time Provisions." A review of these entries clearly shows that defense counsel printed the defendant's name on the entries, filled in the dates of January 24, 1997 and April 30, 1997, and signed them. The entries did not contain a case number when they were tendered to the assignment commissioner's office.

The problem which arose was that the defendant had three sets of charges, not two. In an effort to accommodate Lawrence Keller, defense counsel, Mrs. Lalley unsuccessfully attempted to contact Mr. Keller by telephone on at least three occasions regarding the time waivers. After discussing the matter with her supervisor, Mrs. Lalley followed past practice as it related to both the policy of her office and her past dealings with Mr. Keller. Since the traffic case, C97TRC3682, and the drug abuse case, C97CRB2583, were companion cases— they arose out of the same incident—Mrs. Lalley set them on the same date and time. This was done for the convenience of all persons involved and under the assumption that this is what Mr. Keller wanted for his client. In order for each case to have a complete set of documents, a copy of one of the case "stickers" for C97TRC3682 was placed over the "sticker" of one of the criminal cases. The within traffic case was, therefore, set for a pretrial on April 30, 1997, in Courtroom 280, along with its companion criminal case.

Exhibits 1, 4, 6, and 7 demonstrate that on April 30, 1997, the defendant requested that all cases be referred to the assignment commissioner's office to be set for trial. At Mr. Keller's request, all cases were set for trial on June 5, 1997. On June 5, 1997, Mr. Keller filed his motion to dismiss, and it was heard and argued in lieu of a trial on the merits.

I

In *State v. Suspirata* (1943), 71 Ohio App. 500, 26 O.O. 402, 50 N.E.2d 270, the Cuyahoga County Court of Appeals dealt with the issue of a defendant who had not demanded a trial and had acquiesced in a continuance, and who sought discharge on speedy trial grounds. The court of appeals, in affirming the denial of the speedy trial claim, quoted from the case of *Hernandez v. State (1932)*, 40 Ariz. 200, 205, 11 P.2d 356, 357–358, as follows:

" 'The constitutional and statutory provisions involved herein were not meant to shield the guilty man who sits silently by and allows the officers of the state to assume that he acquiesces in delaying a trial, and then, when it is too late for the mistake to be remedied, claims his rights. They were meant rather to protect

the man who seasonably makes it known to the proper officers that he claims an early trial, so that his innocence may be established.' "

In *State v. Deckard* (1972), 33 Ohio App.2d 240, 62 O.O.2d 352, 295 N.E.2d 205, the Franklin County Court of Appeals found that "[a]cquiescing in a continuance sought by the state constitutes delay by the accused within the contemplation of R.C. 2945.72. Where a continuance is sought by the state which would result in the accused not being brought to trial within the three-term rule of R.C. 2945.72, and the accused does not object to such continuance and demand a trial within such time, he has acquiesced in the continuance, and is not entitled to discharge pursuant to R.C. 2945.72." *Id.* at 245, 62 O.O.2d at 355, 295 N.E.2d at 208.

In *State v. Wentz* (1975), 49 Ohio App.2d 96, 3 O.O.3d 157, 359 N.E.2d 446, the Stark County Court of Appeals had to decide what constituted a period of delay under R.C. 2945.72(E) and a continuance under R.C. 2945.72(H). The defendant, on March 10, 1974, was arrested for a charge of driving under the influence of alcohol. On March 11, 1974, the defendant, through counsel, entered a plea of not guilty and filed a demand for a jury trial. The case was pretried on May 9, 1974. On May 21, 1974, defendant's counsel was notified that the case was set for trial on June 18, 1974. On June 13, 1974, the state subpoenaed its witnesses for trial, and defense counsel filed a motion for discharge. The defendant contended that since he was not brought to trial within ninety days, he was entitled to a discharge under R.C. 2945.73(B). The court calculated that the time chargeable to the state was ninety-four days.

"We find that four days after rule is not an unreasonable length of time on this record. Further, we find that in the entry of the trial court overruling the motion for discharge the court recites that the 'record shows that on May 21, 1974, following the pre-trial hearing, defendant's counsel was notified that the case was set for jury trial for June 18, 1974' and that therefore he had acquiesced in that date and quietly permitted the various court and prosecution functionaries to proceed with their trial preparation and calendar scheduling on that basis.

"We find, therefore, that to permit the accused to prevail on this record would be to condone a practice of 'sandbagging' the entire scheduling process. This is not a high school debate but a serious business which challenges the best efforts of all officers of the court. At stake is public respect for the law in general and the criminal justice system in particular. Defense counsel is more than a mere 'hireling' of a partisan, but is, rather, an officer of the court. Where counsel for an accused knows within rule that his scheduled hearing is out of rule and fails promptly to call this fact to the attention of the court he cannot, with respect to a subsequent delay, be heard to claim prejudice." *Id.* at 99–100, 3 O.O.3d at 158–159, 359 N.E.2d at 449.

In *State v. Davis* (1975), 44 Ohio App.2d 95, 73 O.O.2d 89, 335 N.E.2d 874, the Hamilton County Court of Appeals, in reference to a continuance granted pursuant to R.C. 2945.72(H), held that a motion to fix or to continue a trial date beyond the ninety-day period may become the accused's own motion by adoption or agreement as well as by initiation. The statute ought not to be read so literally that it is held to require a motion to be drafted, initiated, and/or presented by the defendant himself before it may be said to be his "own motion." However, the same court, in *Cincinnati v. Williams* (1975), 44 Ohio App.2d 143, 73 O.O.2d 137, 336 N.E.2d 464, one month before, held that it is not necessary for a defendant to object to the setting of a trial beyond time before requesting a discharge pursuant to R.C. 2945.73. "At no place in the statute is the demand of the accused made a pre-requisite to the operation of the statute. The language is pre-emptory [*sic*] and mandatory." *Id.* at 145, 73 O.O.2d at 137, 336 N.E.2d at 465.

The Ohio Supreme Court, in the late 1970s, decided several cases that construed the requirements of R.C. 2945.71 *et seq.* In *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216, the Supreme Court held that a defendant's failure to object to a trial date scheduled outside the ninety-day limitation period of R.C. 2945.71(C)(2) and (D) before the expiration of that period does not amount to acquiescence in the trial date.

In *State v. Tope* (1978), 53 Ohio St.2d 250, 7 O.O.3d 408, 374 N.E.2d 152, the defendant was arrested on felony charges on June 28, 1976, and held in jail at all times. He was indicted on July 6, 1976, and arraigned on July 16, 1976; on July 23, 1976, the trial date was scheduled for September 29, 1976, or ninety-three days after the defendant's arrest. The state attempted to distinguish *Singer*, *supra*, on the grounds that the trial date was scheduled after time due to clerical error. The *Singer* court stated:

"The Court of Appeals below attempted to extend the time limitation by means of R.C. 2945.72(D) and (H). R.C. 2945.72 provides that:

" 'The time with which an accused must be brought to trial * * * may be extended only by the following:

" ' * * *

" '(D) Any period of delay occasioned by the neglect or improper act of the accused; * * *

" '(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.'

"The record discloses no delay occasioned by the neglect or improper act of appellant; therefore, Subdivision (D) cannot extend the 90–day limit. Subdivi-

sion (H) cannot extend the time limit because no continuance was ever granted by the trial court. *Singer, supra,* at page 109 [4 O.O.3d at 240, 362 N.E.2d at 1220]. Thus, the Court of Appeals' use of these subdivisions constituted error.

"* * *

"This court imposes upon the prosecution and trial courts the mandatory duty of complying with R.C. 2945.71 through 2945.73. We do so pursuant to our conclusion that the General Assembly has attempted a rational definition of the statutory guarantee of a speedy trail.

"A defendant in Ohio has both a constitutional right to speedy trial, based upon the Sixth and Fourteenth Amendments to the United States Constitution, and a statutory right pursuant to R.C. 2945.71 through 2945.73. We accept this legislative directive, and will continue to do so, as long as these statutes effectively deal with factual situations in a manner consistent with constitutional standards." *Id.* at 251–252, 7 O.O.3d at 409–410, 374 N.E.2d at 154.

*State v. McBreen* (1978), 54 Ohio St.2d 315, 8 O.O.3d 302, 376 N.E.2d 593, was an appeal from Hamilton County. The Supreme Court held that a defendant's right to be brought to trial within the time limits may be waived by his counsel. The defendant will be bound by the waiver even though the waiver was executed without his consent. *State v. McRae* (1978), 55 Ohio St.2d 149, 9 O.O.3d 118, 378 N.E.2d 476, was also an appeal from Hamilton County. The Supreme Court held, at 152–153, 9 O.O.3d at 121, 378 N.E.2d at 479:

"When a trial date is set beyond the time limits of R.C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R.C. 2945.72(H). *State v. Singer* (1977), 50 Ohio St.2d 103, 109 [4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220]; *State v. Tope* (1978), 53 Ohio St.2d 250 [7 O.O.3d 408, 374 N.E.2d 152]. However, the trial court has the discretion to extend the time limits of R.C. 2945.71 where counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits. *State v. Davis* (1976), 46 Ohio St.2d 444 [75 O.O.2d 498, 349 N.E.2d 315]. Moreover, the trial court's exercise of that discretion constitutes a ' "continuance granted other than upon the accused's own motion" under the second clause of R.C. 2945.72(H),' *Davis, supra,* at page 449 [75 O.O.2d at 501, 349 N.E.2d at 318]; [fn. 4] and, as long as that continuance is reasonable, it extends the time limits of R.C. 2945.71 and does not deny an accused the right to a speedy trial. *Davis, supra,* at pages 448–449 [75 O.O.2d at 500–501, 349 N.E.2d at 317–318], and *State v. Lee* (1976), 48 Ohio St.2d 208, 209 [2 O.O.3d 392, 392–393, 357 N.E.2d 1095, 1096]."

Footnote 4 states: "The effect of the *Davis* opinion, *supra,* 46 Ohio St.2d 444 [75 O.O.2d 498, 349 N.E.2d 315], is to treat the setting of a trial date as if it were, literally, a continuance. While the *Davis* result appears to conflict with the

statement in *State v. Singer, supra,* at page 109 [4 O.O.3d at 240, 362 N.E.2d at 1220], that a continuance pursuant to the first portion of R.C. 2945.72(H) must actually take the form of a continuance, in view of the *Singer* opinion's silence on the subject of *Davis,* we must conclude that an agreement by all parties to a post-statutory trial date constitutes a limited exception to the general *Singer* rule."

Finally, in the case of *State v. Adams* (1989), 43 Ohio St.3d 67, 538 N.E.2d 1025, the Supreme Court faced another speedy trial issue:

"As with other fundamental rights, a defendant can waive the right to a speedy trial. 'No reason has been suggested to us and we know of none why a defendant cannot waive his right under R.C. 2945.71 as he might waive any other right accorded him by statute, so long as such waiver is made knowingly and voluntarily.' *State v. Kidd* (1978), 60 Ohio App.2d 374, 376, 14 O.O.3d 326, 328, 397 N.E.2d 768, 770. See, also, *State v. O'Brien* (1987), 34 Ohio St.3d 7, 9, 516 N.E.2d 218, 220. Additionally, R.C. 2945.72 provides for several ways in which the statutory time periods can be extended.

"If a criminal defendant does waive the right to a speedy trial, however, the waiver must be done knowingly, voluntarily and intelligently. ' * * * It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights." A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst* (1938), 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466]. See, also, *State v. Singer, supra; State v. Tope* (1978), 53 Ohio St.2d 250, 7 O.O.3d 408, 374 N.E.2d 152. This court has said that the provisions of R.C. 2945.71 implement the constitutional guarantee of a speedy trial found in the Constitution of Ohio, and thus 'are mandatory and must be strictly complied with by the state. * * *' *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525.

"For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver. 'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' *Brady v. United States* (1970), 397 U.S. 742, 748 [90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756]. See, also, *State v. Ruppert* (1978), 54 Ohio St.2d 263, 8 O.O.3d 232, 375 N.E.2d 1250." *Id.* at 69, 538 N.E.2d at 1027–1028.

As pointed out by the Ohio Supreme Court in *Tope, supra,* a defendant has both a constitutional right to a speedy trial and a statutory right.

■ Speedy trial rights guaranteed by the Ohio Constitution, Section 10, Article I, are essentially equivalent to those in the Sixth and Fourteenth

**24**

Amendments to the United States Constitution. *State v. Butler* (1969), 19 Ohio St.2d 55, 57, 48 O.O.2d 77, 78, 249 N.E.2d 818, 819–820.

 The Sixth Amendment to the United States Constitution guarantees a defendant a right to a speedy trial after arrest. This guarantee is designed to minimize pretrial incarceration, reduce the impairment of liberty imposed on defendant while on bail, and shorten the disruption of life caused by arrest and unresolved criminal charges. *United States v. MacDonald* (1982), 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696. The correct standard to be applied is reasonableness under the federal and state Constitutions. *State v. Fanning* (1982), 1 Ohio St.3d 19, 21, 1 OBR 57, 58–59, 437 N.E.2d 583, 585.

 In *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the Supreme Court promulgated a four-part test to analyze Sixth Amendment speedy trial claims. This reasonableness test balances (1) the length of the delay, (2) the reason for the delay, (3) whether and how the defendant asserted the speedy trial right, and (4) the amount of prejudice to the accused. None of these four factors is to be considered a necessary or sufficient condition to the finding of a deprivation of the speedy trial rights. *Id.* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118–119. However, with respect to the first factor, the court in *Barker* declared that the length of delay is to some extent a triggering mechanism, so that until there is some delay which is presumptively prejudicial, there is no necessity for inquiring into the other factors that go into the balance. *Id.* at 530, 92 S.Ct. at 2191–2192, 33 L.Ed.2d at 116–117.

 As discussed previously, the delay between arrest and the scheduled pretrial date, which is not attributed to the defendant, was ninety-six days. This assumes that the waiver in the file is held to be an ineffective waiver of time. The time between the pretrial on April 30, 1997 and the scheduled trial date of June 5, 1997 is an additional thirty-six days.

In *State v. Turner* (1982), 4 Ohio App.3d 305, 4 OBR 556, 448 N.E.2d 516, eleven and one-half months elapsed between the time the defendant's first convictions were reversed and the time his second trial was to commence. There the court found that the delay "is not necessarily such a long delay as to violate the speedy trial provision of the United States or Ohio Constitutions." *Id.* at 306, 4 OBR at 558, 448 N.E.2d at 519. In *Barker v. Wingo, supra,* there was a five-year delay. In *State v. Billups* (Aug. 15, 1991), Franklin App. No. 91AP–68, unreported, 1991 WL 160059, "148 days passed between the remand * * * to the trial court and defendant's second trial." *Id.* at 2.

## II

 It is unclear what the defendant wanted the assignment commissioner to do in regard to his traffic cases. Based upon a reasonableness test and past

contact with his attorney, Mr. Keller, what Mrs. Lalley did was reasonable. However, the provisions of R.C. 2945.71 implement the constitutional guarantee of a speedy trial. *State v. Adams, supra.* The provisions are mandatory and must be strictly complied with by the state. *State v. Adams, supra,* citing *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 73 O.O.2d 357, 357–358, 338 N.E.2d 524, 524–525. The right to a speedy trial is a fundamental right, a waiver of which must be done knowingly, voluntarily, and intelligently. The courts indulge every reasonable presumption *against* waiver of fundamental constitutional rights and *do not* presume acquiescence in the loss of fundamental rights. *State v. Adams, supra,* citing *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466.

Accordingly, the court takes the position, and hereby finds, that defendant's Exhibit 8, which purports to be an "Entry Extending Time Provisions," case No. C97TRC3682, for the time period of January 24, 1997 to April 30, 1997, is a nullity and ineffective to act as a waiver of time for the dates contained therein.

 However, this finding is not dispositive of the defendant's motion to dismiss. From a constitutional standpoint, and according to the facts of this case, the delay discussed above is not presumptively prejudicial. *Barker v. Wingo, supra.* Additionally, the facts of this case demonstrate that on April 30, 1997, or ninety-six days after defendant's initial court appearance, Mr. Keller chose not to file a motion to dismiss, but rather requested that the case be referred to the assignment commissioner and set for trial on June 5, 1997. As determined by the Ohio Supreme Court in *State v. McRae, supra,* at footnote 4, "an agreement by all parties to a post-statutory trial date constitutes a limited exception to the general *Singer* rule." The court finds that the defendant, through competent legal counsel, knowingly, voluntarily, and intelligently waived his speedy trial rights on April 30, 1997, by choosing to go to trial on June 5, 1997. The defendant did not merely acquiesce, stand idly by, or fail to object, as is required by *Singer, supra.* The defendant affirmatively acted by setting the matter for trial on June 5, 1997. The trial court has the discretion to extend the time limits of R.C. 2945.71 when counsel for the accused voluntarily agrees to a trial date beyond the statutory time limits. *State v. McRae, supra,* citing *State v. Davis* (1976), 46 Ohio St.2d 444, 75 O.O.2d 498, 349 N.E.2d 315, Accordingly, the court does hereby extend the time limits of R.C. 2945.71 to the date this decision is announced to the parties in open court and on the record. Trial is set for the same date this decision is announced.

IT IS SO ORDERED.

*Judgment accordingly.*