OPINION
Jason Weiss is appealing the judgment of the Darke County Common Pleas Court which found him guilty of driving while under the influence of alcohol.
On September 26, 1999, at approximately 2:59 a.m., Mr. Weiss was arrested by a Greenville City Patrolman for driving while under the influence of alcohol and for driving left of center. On September 29, 1999, Mr. Weiss entered a plea of not guilty to both charges. On October 6, 1999, the trial court scheduled this case for a pretrial hearing on November 8, 1999. The day after the pretrial hearing, the trial court scheduled a jury trial for this case on January 21, 2000, which was 115 days after Mr. Weiss's arrest. The record demonstrates that the jury trial was not held on January 21, 2000, but no entry was filed nor is a reason for the continuance discernible from the record. On August 14, 2000, Mr. Weiss filed a motion to dismiss for the reason that he was not afforded a speedy trial.
On June 5, 2000, Mr. Weiss filed a motion to suppress/motion in limine to preclude the State of Ohio (hereinafter "State") from presenting evidence of the results of chemical tests administered to him. The motion was supported by an affidavit of a chemist and forensic consultant. The parties agreed to have the trial court decide the motion based upon joint stipulations and the previously filed pleadings. Mr. Weiss argued that the Intoxilyzer Model 5000 machine used by the Greenville police to determine that Mr. Weiss was under the influence was not properly approved by the Ohio Department of Health Rules and Regulations.
On November 8, 2000, the trial court overruled Mr. Weiss's motion to dismiss and his motion to suppress/motion in limine. On the same day, the trial court scheduled this case for jury trial on December 22, 2000, which was 44 days after the trial court had ruled on Mr. Weiss's pretrial motions. On December 22, 2000, Mr. Weiss entered a no contest plea to the offense of driving with a prohibited blood alcohol concentration, of which the trial court subsequently found him guilty. At the same time, the State dropped the charge of driving left of center. Mr. Weiss filed this timely appeal.
Mr. Weiss raises two assignments of error:
 1. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS/MOTION IN LIMINE DUE TO THE FACT THAT THE DIRECTOR OF HEALTH ABUSED ITS DISCRETION IN APPROVING THE INTOXILYZER 5000 IN USE BY THE CITY OF GREENVILLE ON THE DATE OF THE APPELLANT'S TEST, CONTRARY TO SECTION 3701-53-02 OF THE OHIO DEPARTMENT OF HEALTH RULES AND REGULATIONS.
 2. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT THE APPELLANT'S MOTION TO DISMISS IN ACCORDANCE WITH OHIO REVISED CODE SECTION 2945.71 ET. SEQ. FOR FAILURE TO BRING THE APPELLANT TO TRIAL WITHIN NINETY (90) DAYS OF HIS ARREST.
We will address the second assignment of error first as it is dispositive in this matter. In his second assignment of error, Mr. Weiss argues the trial court violated his constitutional rights by failing to bring him to trial within ninety days of his arrest. We agree.
R.C. 2945.71(B) provides "a person against whom a charge of misdemeanor * * * is pending in a court of record, shall be brought to trial * * * [w]ithin ninety days after the person's arrest * * *." Additionally, R.C. 2945.72 reads:
 The time within which an accused must be brought to trial * * * may be extended only by the following:
* * *
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *.
The Ohio Supreme Court has held that:
 prior to the expiration of the statutory time limit, [a defendant is] entitled to one of the following:
(1) a trial on the charges or,
 (2) if his case was being continued by the court or prosecutor, the reason he was not being tried.
 Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit.
State v. Mincy (1982), 2 Ohio St.3d 6. This Court recently held in State v. Paul, that where a trial court continues a trial at the request of a defense attorney but fails to recite the reason for the continuance, or fails to state that it was at the defendant's request, in an entry within the statutory time limit, the trial court violates the defendant's constitutional right to a speedy trial and must discharge the defendant. (Nov. 19, 1999), Champaign App. No. 99-CA-06, unreported (noting that it was questionable whether any continuances were actually entered in the case and that if not, this would weaken the state's position as it would not have any continuances to argue extended the statutory time limit).
Previously, the Ohio Supreme Court stated in State v. Wentz (1975),49 Ohio App.2d 96, 3 O.O.3d 157 that a defendant cannot claim prejudice where he sat by and did not alert the court that his scheduled hearing was beyond the statutory time limit. However, Wentz has been implicitly overruled by State v. Singer (1977), 50 Ohio St.2d 103, 4 O.O.3d 237 and State v. Tope (1978), 53 Ohio St.2d 250, 7 O.O.3d 408. State v. Graham (Aug. 30, 1999), Belmont App. No. 98 BA 32, unreported. Singer and Tope specifically held that a defendant's failure to object to a trial date outside of the statutory time limit did not amount to acquiescence to the trial date, for the prosecutors and the courts have the mandatory duty to comply with the ninety day statutory time limit.
In the instant action, Mr. Weiss was arrested on September 26, 1999. Therefore, the ninety day statutory time limit would have expired on December 25, 1999. During this ninety day period, no entries of continuances were filed by the court. Initially, the State argues that this court should adopt the logic of Wentz. However, as mentioned previously, Wentz was implicitly overruled by Singer and Tope and thus we refuse to adopt its position.
Secondly, the State argues that Mr. Weiss's attorney actively participated in setting the trial date which was outside of the statutory time limit, and thus pursuant to R.C. 2945.72(D) and (H), the statutory time limit was extended. However, the State concedes that nothing was ever journalized in the record during the statutory time period which provided the reasons why Mr. Weiss was not brought to trial. The trial court in its decision overruling Mr. Weiss's motion to dismiss stated that the date of January 21, 2000, which was outside of the statutory time limit, was chosen as the trial date with Mr. Weiss's counsel's input and to accommodate his trial schedule and availability. Yet, Mr. Weiss's counsel's request and the reasoning for failing to conduct a trial within the time limit was not memorialized until the trial court's decision overruling the motion to dismiss, nearly a year after the expiration of the statutory period to bring Mr. Weiss to trial. Pursuant to Mincy and Paul, even if Mr. Weiss's counsel requested a trial date outside of the statutory time limit, the trial court had a duty during the statutory time limit to either conduct a trial or set forth its reasons in an entry for continuing the trial beyond the time limit. The trial court failed to do either of these options. Although we sympathize with the trial court who accommodated Mr. Weiss's counsel, this assignment of error is sustained and the judgment of the trial court is reversed.
As we reversed the trial court on the second assignment of error, the first assignment of error is moot and we need not address it. ______________________ FREDERICK N. YOUNG, J.
FAIN, J. and GRADY, J., concur.