While I agree that the record reveals no written waiver of Robinson's right to a speedy trial, I respectfully dissent for the reason that Robinson and her counsel affirmatively consented to the trial date set beyond the statutory speedy trial time, and that consent constituted a waiver. A defendant does not have the duty to object to a trial date set outside the limits of the speedy trial statute before moving to dismiss pursuant to R.C. 2945.73. State v. Tope (1978), 53 Ohio St.2d 250, 251. However, a defendant or her counsel may affirmatively consent to such a date, and the consent may then constitute a waiver. State v. McRae
(1978), 55 Ohio St.2d 149, 151. The record must reflect the defendant's waiver. State v. King, (1994), 70 Ohio St.3d 158, syllabus.
The facts of the case sub judice are similar to those in State v.Woltz (Nov. 14, 1994), Ross App. No. 93 CA 1980, unreported. In Woltz, defendant and his counsel consented to a trial date outside of the statutory speedy trial time limitation. In a hearing on defendant's motion to dismiss on the grounds that his right to a speedy trial was violated, the court noted that defendant and his counsel appeared to have consented to the trial date. Neither defendant nor his counsel challenged the trial court's statement, nor did either argue a lack of consent. The Fourth District Court of Appeals found that the silence of both defendant and defense counsel in response to the court's statement constituted a waiver. Id. The court held that his "failure to dispute his counsel's apparent consent to the trial dates set outside the speedy trial limits constitute[d] an admission of waiver on the record." Id.
The same holds true in the case sub judice. The trial court stated, "the court finds that Ms. Robinson and her counsel acquiesced to the next date that was set, which was June 25th[.] * * * [I]t appears that on April 19th, Ms. Robinson indirectly waived time and/or made a motion for continuance, apparently the first date that we could give her the entire afternoon, which was anticipated for trial, was June 25th."[3] Here, the trial court directly addressed Robinson and her counsel on the record, stating that her acquiescence to the new trial date beyond the speedy trial time constituted a waiver. Robinson failed to rebut the trial court's statement. Neither Robinson nor her counsel argued that she did not consent to the trial date. Robinson's failure to challenge the trial court's statements was, therefore, an admission of her waiver of her speedy trial right and satisfies the requirement that a defendant's waiver of the right to speedy trial must either be made in writing or in open court on the record.
I would affirm the judgment of the trial court.
[3] The judgment entry attached to the briefs states that the June 25, 2001 court date was the "first date when all parties were available for the entire afternoon, which was required for this trial[.]" Neither party contests this on appeal. However, this Court notes that this judgment entry was never time-stamped by the trial court, nor does it appear in the court's journal or the case file from the trial court. As such, it is not properly part of the record on appeal.